

**COLE SCHOTZ**
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law         A Professional Corporation

900 THIRD AVENUE, 16TH FLOOR
NEW YORK, NY 10022-4728
212-752-8000   212-752-8393 FAX
—
NEW JERSEY
—
DELAWARE
—
MARYLAND
—
TEXAS

**Arianna Frankl**
MEMBER

Reply to New York Office
WRITER'S DIRECT LINE: 646-563-8943
WRITER'S DIRECT FAX: 646-563-7943
WRITER'S E-MAIL: afrankl@coleschotz.com

February 9, 2011

Honorable Stanley R. Chesler
United States District Court
  for the District of New Jersey
Martin Luther King, Jr.
  Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

Honorable Michael A. Shipp
United States District Court
  for the District of New Jersey
Martin Luther King, Jr.
  Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    **JPMorgan Chase Bank, N.A. v. Republic Mortgage Insurance Co.,**
            **Civil Action No. 2:10-CV-06141 (SRC) (MAS)**

Dear Judges Chesler and Shipp:

      We represent the defendant Republic Mortgage Insurance Company ("Republic Mortgage") in the above-referenced matter. We submit this letter pursuant to the Court's Scheduling Order (¶7) and in response to the letter filed today by counsel for the plaintiff JPMorgan Chase Bank, N.A. ("Chase").

      In its Complaint, Chase asserts claims for declaratory relief (Count I), breach of contract (Count II), breach of fiduciary duty and bad faith (Count III), and detrimental reliance (Counts IV and V). Chase alleges that Republic Mortgage issued mortgage insurance policies applicable to mortgage loans originated or acquired by Chase. Under these policies, Republic Mortgage had the right to rescind coverage for mortgage loans involving misrepresentations by borrowers, loan brokers, appraisers, and others. Chase asserts that Republic Mortgage cannot "unilaterally rescind coverage" for loans due to misrepresentations but rather must file individual lawsuits to seek rescission. Chase also claims that Republic Mortgage underwrote some of the mortgage loans at issue and thus should be estopped from rescinding coverage based on underwriting defects. Finally, Chase disputes the grounds upon which Republic Mortgage based its decisions to rescind coverage for the loans.

      On January 31, 2011, Republic Mortgage filed a motion to dismiss (Docket Nos. 12, 13, 13-1 through 13-5). In its motion, Republic Mortgage argues that both the applicable insurance policies and the law permit Republic Mortgage to rescind coverage without first commencing litigation. Therefore, Chase's claim in Counts I through V based upon the assertion that Republic Mortgage cannot rescind coverage without first commencing litigation should be dismissed. Republic Mortgage also seeks dismissal of Chase's claim in Count I for a declaration that Republic

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

Honorable Stanley R. Chesler
Honorable Michael A. Shipp
February 9, 2011
Page 2


Mortgage is estopped from challenging the underwriting of mortgage loans.  There can be no estoppel because the applicable contracts show that Republic Mortgage did not underwrite any loans for Chase.  Finally, Republic Mortgage seeks dismissal of Counts IV and V because claims for detrimental reliance, otherwise known as promissory estoppel, cannot be maintained where written contracts, such as the mortgage insurance policies, exist and govern the relationship between the parties.

  Chase now requests permission to file a motion for summary judgment to address one of the same issues raised by Republic Mortgage in its pending motion to dismiss – whether Republic Mortgage may rescind coverage without first commencing litigation.  Republic Mortgage respectfully objects to Chase's request to file a duplicative summary judgment motion which would impose unnecessary briefing upon the parties and the Court.  Further, depending on this Court's ruling on Republic Mortgage's motion, Chase may need to amend its Complaint.  Chase will not be prejudiced by first waiting for a ruling on Republic Mortgage's motion to dismiss, and making any amendments to its Complaint, before determining whether a summary judgment motion is appropriate.

  Thank you for your consideration.

              Respectfully submitted,

              *s/Arianna Frankl*


              Arianna Frankl

ACF:bsj

cc: David A. Luttinger, Jr.
   Christopher C. Loeber
   Paul A. Zevnik
   Jami Wintz McKeon
   Gregory T. Parks

48859/0002-7365523v1