**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 10-06141 (SRC) |
| v. : | |
| : | OPINION |
| REPUBLIC MORTGAGE INSURANCE : | |
| COMPANY, : | |
| : | |
| Defendant. : | |
| : | |

**CHESLER**, District Judge

      This matter comes before the Court upon Defendant Republic Mortgage Insurance Company's ("RMIC") motion to dismiss Plaintiff JP Morgan Chase Bank, N.A.'s ("Chase") Amended Complaint [docket entry 12] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has opposed the motion, and in turn has filed a cross-motion for partial summary judgment on Count One of its Amended Complaint [docket entry 20]. Defendant has opposed the cross-motion. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendant's motion to dismiss will be granted and Plaintiff's cross-motion for partial summary judgment will be denied.

I. **BACKGROUND**

RMIC provides mortgage insurance on residential loans in which a borrower makes a down payment that is less than twenty percent of the property's purchase price. In September 1984, RMIC issued Policy No. 34095 to JP Morgan, and in May 2007, issued Policy No. 53606-35 to Washington Mutual Bank, F.A. (JP Morgan and Washington Mutual Bank, F.A. collectively shall be referred to as "Chase") (Policy No. 34095 and Policy No. 53606-35 collectively shall be referred to as the "Policies"). Pursuant to the terms of the Policies, RMIC agreed to pay Chase, in consideration of both the premium paid and "in reliance upon [Chase's] representations and statements made in any Application for coverage" under the Policies, certain losses incurred as a result from the default by a borrower on a mortgage loan. (Hassan Decl., Exs. A, B, p.1, Jan. 31, 2011.)

To obtain coverage for a mortgage loan under the Policies, Chase was required to prepare and submit either an application - which included the borrower's loan application, property appraisal, verification of income and deposit, and other related information regarding the mortgage loan - or provide more limited information regarding the loan along with certifications by Chase regarding the characteristics of the loan. (*Id.* at ¶¶ 2.1, 1.1.) In either case, Chase represented to RMIC that this information was "not false or misleading in any material respect as of the date(s) on which they are made or provided and do not omit any fact necessary in order to make such statements and information not false or misleading in any material respects as of such date(s)." (*Id.* at ¶ 2.2(b).) According to the Policies, if any of the representations made in the insurance application were materially false or misleading, RMIC has "the right, at its option and to the extent permitted by applicable law, to cancel or rescind coverage under any Certificate

retroactive to commencement of coverage . . . and to return at that time all paid premiums retroactively . . . " (*Id*. at ¶ 2.3.)

On February 22, 2011, Plaintiff filed an Amended Complaint, asserting that RMIC breached the terms of the two insurance Policies by unilaterally rescinding coverage under the Policies since, according to Chase, RMIC was required by law to seek rescission from a court or arbitrator. Count I of Plaintiff's Amended Complaint and Plaintiff's cross-motion for summary judgment seek a declaratory judgment that RMIC cannot rescind coverage for a loan without first commencing litigation, Count II of the Amended Complaint alleges a breach of contract claim, and Count III of the Amended Complaint asserts a breach of fiduciary duty and bad faith claim.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims have facial plausibility. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). This means that the Complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true. *Id.* at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

  **B.**  **Discussion**

    1.  <u>Count I: Declaratory Judgment</u>

Count One of the Amended Complaint pleads for this Court to issue a declaratory judgment regarding RMIC's unilateral rescission practice. The Declaratory Judgment Act provides that a Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The express language of the declaratory judgment statute and fundamental principles of standing under Article III of the Constitution limit this power to actions which present a case or controversy. *Cutaiar v. Marshall*, 590 F.2d 523, 527 (3d Cir. 1979). "The statute creates a remedy only; it does not create a basis of jurisdiction, and does not authorize the rendering of advisory opinions." *Id.* For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947). The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree and the question in each case is "whether the facts alleged, under all the circumstances, show that there is

4

a substantial controversy, between parties having adverse legal interests, of sufficient immediacy any reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Therefore, deciding whether Chase's claim for a declaratory judgment can survive this motion to dismiss requires an evaluation of whether the Amended Complaint states a justiciable controversy.

In the present case, Plaintiff prays for "a declaration . . . that RMIC may not seek to unilaterally rescind the Mortgage Insurance Policies and must instead obtain a judicial declaration or arbitral award to establish a right to rescission [when any of the insured's representations are materially false or misleading with respect to a loan]." (Pl.'s Am. Compl. ¶ 78, Feb. 22, 2011.)  Nowhere in Count I does Plaintiff allege that the insured did not make any material misrepresentations in its loan applications for the Policies, which would render RMIC's rescission fraudulent.  Rather, the Amended Complaint seeks an advisory opinion that if and when RMIC rescinds coverage when an insured hasn't made a false or misleading statement, RMIC's unilateral rescission will be unlawful.  Plaintiff urges the Court to draw conclusions concerning the insurance Policies in general without reference to a particular claimant with an actual problem.  Until Plaintiff can show that RMIC improperly rescinded an insurance policy, Plaintiff has no actual need for a determination of whether the applicable Policies provide for unilateral rescission.  Such a determination would comprise nothing more than a constitutionally impermissible advisory opinion.

Even if the Plaintiff had established a basis for jurisdiction, the Court would decline to exercise its discretion to adjudicate the declaratory relief requested under 28 U.S.C. § 2201.  The

Supreme Court has noted that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). Because this Court's evaluation of the breach of contract portion of this suit will effectively resolve the question of whether the insurance Policies permit unilateral coverage rescission, the Court declines to issue a declaratory judgment on the issue.

Therefore, RMIC's motion to dismiss Count One will be granted. Accordingly, because Count One of Plaintiff's Amended Complaint fails to assert a justiciable claim or controversy, Plaintiff's cross-motion for partial summary judgment on that Count will be denied.

   2.  Count II: Breach of Contract

The parties agree that New Jersey and Washington law[1] govern the question of contract interpretation in this matter. (Def.'s Mot. to Dismiss 5, Jan. 31, 2011; Pl.'s Opp'n Mem. 3, Feb. 22, 2011.) It is well-settled that "where the terms of the contract are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written." *In re Cendant Corp. Sec. Litig.*, 569 F. Supp. 2d 440, 443 (D.N.J. 2008). Indeed, "[t]he law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of another. The judicial function of a court of law is to enforce the contract as it is written." *Gahney v. State Farm Ins. Co.*, 56 F. Supp. 2d, 491 (D.N.J. 1999).

---

[1] The parties do not dispute that under Section 7.10 of the Policies, the applicable law is that of the State "in which the office of the original Insured on a Certificate is located." Policy No. 34905 identified New Jersey as the location of JP Morgan, the insured under that policy, and Policy No. 53606-35 identified Washington as the location of Washington Mutual Bank, F.A.. Therefore, the laws of New Jersey and Washington apply.

The contested provisions of the Master Policies provide:

> [I]f any of the insured's representations as described in Section 2.2 are materially false or misleading with respect to a Loan, [RMIC] will have the right, at its option and to the extent permitted by applicable law, to cancel or rescind coverage under any Certificate retroactively to commencement of coverage . . . and to return at that time all paid premiums retroactively to such applicable date.

The parties do not dispute that Section 2.3 clearly and unambiguously grants RMIC the right to cancel or rescind coverage to the extent permitted by applicable law. (Def.'s Mot. to Dismiss 5-6,; Pl.'s Opp'n Mem. 4-5; Pl.'s Summ. J. Mot. 8, Feb. 22, 2011.) Where the parties disagree, however, is what the applicable law permits. Defendant contends that the law allows an insurer to unilaterally rescind coverage if contracted for by the parties while Plaintiff argues that it requires an insurer to obtain a rescission by judicial or arbitral determination.

It is well established under New Jersey and Washington law that an insurer can rescind coverage under an insurance policy by virtue of "some statute, the terms of the contract, the mutual consent of the parties though an extraneous agreement, or a reserved power in the contract like that of unilateral cancellation." *Meier v. New Jersey Life Ins. Co.,* 503 A.2d 862, 873 (N.J. 1986); *Knight v. New England Mutual Life Ins. Co.*, 533 A.2d 55, 57 (Super. Ct. App. Div. 1987); *see also Martin v. Progressive Northern Ins. Co.*, No. 25580-4-II, 2001 Wash. App. LEXIS 347 at *10 (Wash. Ct. App., Mar. 1, 2001) ("in the absence of a restrictive statutory provision, the insurer and insured have the right to specify in their insurance contract the method by which it can be terminated"); *Taxter v. Safeco Ins. Co. of America*, 721 P.2d 972, 975 (Wash. Ct. App. 1986). The law is clear that the terms of an insurance policy can permit an insurer to rescind coverage and here, the terms of the Policies directly provide for their unilateral cancellation by RMIC, "at its option," if any of the insured's representations are materially false

or misleading.

Indeed, courts have repeatedly upheld an insurer's ability to rescind coverage under insurance policies without having to first commence litigation or arbitration proceedings. *See, e.g., Aliaga v. Cont'l Assurance Co.*, No. 06-218, 2006 U.S. Dist. LEXIS 82447 at *19 (D.N.J., Nov. 13, 2006) (holding that "the doctrine of equitable fraud permits insurance companies to rescind an insurance policy when a prospective insured makes a material misstatement on the application for insurance"); *Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F. Supp. 2d 988 (W.D. Wash. 2004) (upholding the validity of the insurer's rescission of an insurance policy without having first commenced litigation); *Guida v. Paul Revere Life Ins. Co.*, 937 F. Supp. 355, 361 (D.N.J. 1995) (granting insurer's motion for summary judgment on insured's coverage claims because insurer had justifiably unilaterally rescinded policy's coverage); *Rashabov v. Alfuso*, No. A-3684-08T1, 2010 N.J. Super. Unpub. LEXIS 2362 (Super. Ct. App. Div., Sept. 28, 2010) (affirming insurers unilateral rescission by letter and imposing no obligation upon insurer to seek judicial rescission as prerequisite). In fact, just two months ago the United States District Court for the Western District of Tennessee upheld RMIC's contractual right to unilaterally rescind coverage for loans prior to the submission of a claim under a mortgage insurance policy identical to the Policies in the current action. *See First Tennessee Bank N.A. v. Republic Mortg. Ins. Co.*, No. 2:10-cv-02513-JPM-cgc at *7-8 (W.D. Tenn., Feb. 25, 2011) ("Section 2.3 does not contain a timing provision, nor does it state that RMIC may rescind coverage only as a defense to a claim by First Tennessee. . . . The Policy's terms [] do not limit when rescission may occur").

In its opposition, Chase does not cite to any authority under New Jersey or Washington law that requires parties exercising rights under contractual rescission provisions to first seek a

8

judicial rescission.  Rather, Chase's cited cases support only the narrow points that (i) when an insurer's rescission is challenged by an insured's lawsuit, the insurer bears certain burdens in defending its rescission, and (ii) if an insurer chooses to seek judicial rescission, it bears certain burdens.  It does not logically follow, however, that insurers, therefore, can never exercise their contractual rights in the first instance without first seeking judicial determination.

As such, the Policies, consented to by Chase, expressly allow RMIC to rescind coverage to the extent permitted by applicable law and applicable law permits an insurance policy to provide for coverage rescission without judicial intervention.  Therefore, Count II of the Amended Complaint will be dismissed.  However, to the extent that Plaintiff's breach of contract claim is predicated upon RMIC's failure to pay on particular contracts, Plaintiff is granted leave to amend its Complaint to assert these claims.

3.  Count III: Breach of Fiduciary Duty and Bad Faith Insurance Practices

In the Third Count of its Amended Complaint, Chase asserts that RMIC breached its fiduciary duty by failing to give as much consideration to the interests of Chase as to its own interests and that RMIC acted in bad faith by interfering with Chase's reasonable expectations of coverage under the Policies.  (Pl.'s Am. Compl. ¶ 90.)  Because these allegations are premised on RMIC's unilateral rescission practice, this Count is dismissed.  To the extent that these claims are based upon other grounds, however, Plaintiff is granted leave to amend its Complaint to assert the breach of fiduciary and bad faith insurance practices claims.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) will be granted and Plaintiff's cross-motion for partial summary judgment will be denied. An appropriate form of order will be filed together with this Opinion.

s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: May 4, 2011