**Exhibit B**

IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 2:10-cv-02513-JPM-cgc <br> ) |
| REPUBLIC MORTGAGE INSURANCE COMPANY and REPUBLIC MORTGAGE INSURANCE COMPANY OF NORTH CAROLINA, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF THE COMPLAINT

Defendants Republic Mortgage Insurance Company ("Republic") and Republic

Mortgage Insurance Company of North Carolina ("Republic-NC") (collectively "RMIC"), by

and through their undersigned counsel of record, hereby answer and assert their affirmative

defenses Count I of plaintiff First Tennessee Bank, N.A.'s ("First Tennessee") Complaint as

follows:

1. RMIC admits that First Tennessee brings this action to enforce certain contractual

provisions and for damages, but RMIC denies that it breached any contract with First Tennessee

and denies that First Tennessee is entitled to any of the requested relief. RMIC admits that it

issued a mortgage insurance policy to First Tennessee or its predecessors, and that over time,

First Tennessee paid RMIC over one-million dollars in premium for that coverage. RMIC

further admits that it has paid, and continues to pay, claims that conform to the terms and

conditions of the Policy. RMIC also admits that paragraph 1 of the Complaint in part quotes RMIC's website. RMIC denies the remaining allegations of paragraph 1 of the Complaint.

2.      RMIC admits that RMIC Corporation provided certain underwriting services to First Tennessee that were limited to determining whether the information contained in the loan application, which was provided to it by First Tennessee, complied with applicable underwriting guidelines. RMIC denies that RMIC Corporation undertook or owed any duty to First Tennessee to independently verify any information relating to any of the mortgage loans, including that in the loan application, at issue and denies that RMIC Corporation guaranteed to First Tennessee the accuracy, integrity, or completeness of any such information and any such duty was expressly disclaimed in the Agreement for Loan Underwriting Review between RMIC Corporation and First Tennessee. RMIC denies the remaining allegations of paragraph 2 of the Complaint.

3.      RMIC admits that First Tennessee is a national bank organized under the National Bank Act. RMIC is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 3 of the Complaint.

4.      RMIC admits the allegations of paragraph 4 of the Complaint.

5.      RMIC admits the allegations of paragraph 5 of the Complaint.

6.      RMIC admits the allegations of paragraph 6 of the Complaint.

7.      RMIC admits the allegations of paragraph 7 of the Complaint.

8.      RMIC admits the allegations of paragraph 8 of the Complaint.

9.      RMIC is without knowledge or information sufficient to form a belief as to the truthfulness of the allegation that First Tennessee is FTHL's legal successor. RMIC denies the remaining allegations of paragraph 9 of the Complaint.

10. RMIC admits that the Policy is a mortgage insurance policy which insures First Tennessee against default, pursuant to terms and conditions set forth in the Policy, with respect to certain individual mortgage loans submitted for insurance by First Tennessee. RMIC admits the second sentence of paragraph 10 of the Complaint. RMIC further states that it delegated to First Tennessee the authority to underwrite insurance coverage for loans that First Tennessee originated or acquired. RMIC denies the remaining allegations of paragraph 10 of the Complaint.

11. RMIC admits the allegations of paragraph 11 of the Complaint.

12. RMIC denies the allegations of paragraph 12 of the Complaint.

13. RMIC admits that when a lender makes a mortgage loan, it extends a sum of money to the borrower. Since the terms and conditions of mortgage loans vary from loan to loan, RMIC is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 13 of the Complaint.

14. RMIC admits that the Policy provides insurance coverage for the risks set forth in the Policy. RMIC further admits that it agreed to pay Claims that complied with the terms and conditions of the Policy. RMIC denies the remaining allegations of paragraph 14 of the Complaint.

15. RMIC denies the allegations of the last sentence of paragraph 15 of the Complaint. RMIC is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 15 of the Complaint.

16. RMIC admits the allegations of paragraph 16 of the Complaint.

17.     RMIC admits the first sentence of paragraph 17 of the Complaint.  RMIC further admits that it has marketed its services to lenders and other customers.  RMIC denies the remaining allegations of paragraph 17 of the Complaint.

18.     RMIC admits that it has an understanding of the mortgage insurance business. RMIC is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 18 of the Complaint.

19.     RMIC admits that since June 1983, it has provided over one million dollars in mortgage insurance coverage to First Tennessee or its predecessors.   RMIC denies the remaining allegations of paragraph 19 of the Complaint.

20.     RMIC admits that it is familiar with the types of loans originated by First Tennessee that are covered under the Policy and admits that some of these loans are stated income loans.  RMIC further admits that First Tennessee did not independently verify the borrower's income in connection with the state income loans and that the premium for stated income loans is higher than for some other loans.  RMIC denies the remaining allegations of paragraph 20 of the Complaint.

21.     RMIC admits that its affiliate, RMIC Corporation, entered into a contract with First Tennessee or its affiliates to provide certain specified underwriting services that were limited to determining whether information contained in the loan application, which was obtained by First Tennessee, complied with applicable underwriting guidelines.  RMIC denies that RMIC Corporation undertook or owed any duty to First Tennessee to independently verify any information relating to any of the mortgage loans, including that in the loan application, at issue and denies that RMIC Corporation guaranteed to First Tennessee the accuracy, integrity, or

completeness of any such information.  RMIC denies the remaining allegations of paragraph 21 of the Complaint.

22.      RMIC admits that it rescinded or canceled coverage for loans originated or acquired by First Tennessee based upon misrepresentations made in, or in information provided to RMIC in connection with, Applications for those loans.  RMIC denies that RMIC Corporation assumed or undertook any duty to First Tennessee to independently verify any information relating to any of the mortgage loans originated by First Tennessee and any such duty was expressly disclaimed in the Agreement for Loan Underwriting Review.  RMIC further denies that it underwrote insurance coverage for all of the loans originated or acquired by First Tennessee.  RMIC denies the remaining allegations of paragraph 22 of the Complaint.

23.      RMIC admits that RMIC Corporation has contracted with other lenders to provide loan underwriting review services.  RMIC also admits that it was aware of the mortgage products it insured.  RMIC denies the remaining allegation of paragraph 23 of the Complaint.

24.      RMIC denies that it agreed to assume the risk of loss arising from misrepresentations made in connection with the loan application except as specifically provided for in the Policy.  RMIC admits that it entered into the Policy freely and voluntarily and that it has not terminated the Policy but RMIC admits that it has rescinded coverage under the Policy for those loans whose applications contain misrepresentations.  RMIC denies the remaining allegation of paragraph 24 of the Complaint.

25.      RMIC admits that in the years after RMIC issued the Policy, the United State's economy has experienced swings.  The remaining allegations of paragraph 25 of the Complaint are so vague and amorphous that RMIC is without knowledge or information sufficient to form a belief as their truthfulness.

26.     RMIC admits that in the past few years, mortgage loan defaults and foreclosures have increased across the country.  RMIC is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of paragraph 26 of the Complaint.

27.     RMIC is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 27 of the Complaint.

28.     RMIC admits that First Tennessee has paid premiums for the Certificates issued under the Policy and has submitted Claims under the Policy.  RMIC also admits that it has paid various Claims submitted by First Tennessee.  RMIC denies the remaining allegations of paragraph 28 of the Complaint.

29.     RMIC admits that the number of claims First Tennessee submitted per year under the Policy has recently increased.  RMIC denies the remaining allegations of paragraph 29 of the Complaint.

30.     RMIC denies the allegations of paragraph 30 of the Complaint.

31.     RMIC denies the allegations of paragraph 31 of the Complaint.

32.     RMIC denies that paragraph 32 of the Complaint accurately or completely states the provisions of Section 2.2 and 2.3 of the Policy, and denies the remaining allegations of paragraph 32 of the Complaint.

33.     RMIC admits that it has rescinded coverage for loans under the Policy because the borrowers or First Tennessee misrepresented income, employment, assets, or liabilities in the applicable Applications.  RMIC denies the remaining allegations of paragraph 33 of the Complaint.

34.     RMIC admits the first sentence of paragraph 34 of the Complaint.  RMIC further admits that in connection with some of its investigations, borrowers are contacted and asked to

verify the statements they made in their loan applications. RMIC denies the remaining allegations of paragraph 34 of the Complaint.

35. RMIC admits that in certain circumstances it has reviewed bankruptcy filings or the borrower's tax returns to determine the truthfulness of information contained in the loan application. RMIC denies the remaining allegations of paragraph 35 of the Complaint.

36. RMIC denies that it has rescinded coverage for any loans based solely upon misrepresentations about the occupancy of the property securing the loan, and denies the remaining allegations of paragraph 36 of the Complaint.

37. RMIC admits that it has rescinded coverage under the Policy based on misrepresentations made by an appraiser as permitted under Section 2.4(c) of the Policy. RMIC denies the remaining allegations of paragraph 37 of the Complaint.

38. RMIC admits that it has at times relied on appraisal reviews that comply with the Uniform Standards of Professional Appraisal Practice in determining whether misrepresentations were made by the original appraiser. RMIC denies the remaining allegations of paragraph 38 of the Complaint.

39. RMIC denies the allegations of paragraph 39 of the Complaint.

40. RMIC denies the allegations of paragraph 40 of the Complaint.

41. RMIC denies the allegations of paragraph 41 of the Complaint.

42. RMIC admits that some of the loans insured under the Policy were stated income loans. RMIC denies the remaining allegations of paragraph 42 of the Complaint.

43. RMIC denies the allegations of paragraph 43 of the Complaint.

44.      RMIC admits that in certain circumstances it has hired contractors to investigate loans after they had become delinquent, but RMIC denies the remaining allegations of paragraph 44 of the Complaint.

45.      RMIC denies the allegations of paragraph 45 of the Complaint.

46.      RMIC denies the allegations of paragraph 46 of the Complaint.

47.      RMIC denies the allegations of paragraph 47 of the Complaint.

48.      RMIC admits that RMIC Corporation entered into the Underwriting Agreement with one of First Tennessee's predecessors on May 15, 2003.  RMIC further admits that pursuant to the Underwriting Agreement, RMIC Corporation would provide certain enumerated services to First Tennessee or its predecessor, including determining whether the information contained in the loan application, which was obtained by First Tennessee, complied with applicable underwriting guidelines.  RMIC denies that RMIC Corporation agreed under the Underwriting Agreement to guaranty the accuracy, integrity, or completeness of any of the information in the loan application.  RMIC denies the remaining allegation of paragraph 48 of the Complaint.

49.      RMIC denies the allegations of paragraph 49 of the Complaint.

50.      RMIC incorporates by references its answers to paragraphs 1 through 49 of the Complaint as if fully stated herein.

51.      RMIC admits the allegations of paragraph 51 of the Complaint.

52.      RMIC admits that the Policy permits RMIC to rescind coverages for loans originated or acquired by First Tennessee.  RMIC denies that any of its decisions to rescind coverage under the Policy were contrary to the terms of the Policy and denies the remaining allegations of paragraph 52 of the Complaint.

53.      RMIC denies the allegations of paragraph 53 of the Complaint.

54.     RMIC denies the allegations of paragraph 54 of the Complaint.

55.     RMIC denies the allegations of paragraph 55 of the Complaint.

### AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSE NO. 1**:  Some of First Tennessee's claims are, on information and belief, barred by either the applicable statute of limitation or the applicable time limitations set forth in the Policy.

**AFFIRMATIVE DEFENSE NO. 2**:

1.     On or about July 19, 2004, First Tennessee entered into a Delegated Underwriting Agreement with RMIC.

2.     Under the Delegated Underwriting Agreement, RMIC delegated to First Tennessee the authority to underwrite coverage under the Policy for mortgage loans First Tennessee originated or acquired.

3.     Under the Delegated Underwriting Agreement, First Tennessee agreed:  (i) that all loans originated or acquired by First Tennessee must meet RMIC's published underwriting guidelines; (ii) that reduced documentation loans were ineligible for coverage under the Policy if First Tennessee, the mortgage loan broker, or any other person involved in the origination or processing of the loan had reason to believe that the borrower would not qualify if full documentation were required; and (iii) to exercise prudent underwriting judgment on all loans insured under the Policy pursuant to the delegated underwriting program.

4.     First Tennessee repeatedly breached these obligations under the Delegated Underwriting Agreement by:  (i) underwriting coverage under the Policy for loans that did not

comply with RMIC's published underwriting guidelines; (ii) underwriting coverage under the

Policy for ineligible reduced documentation loans; and (iii) not exercising prudent underwriting

judgment in connection with loans for which it underwrote coverage under the Policy.

     5.     As a result of First Tennessee's breaches of the Delegated Underwriting

Agreement, many of the loans originated or acquired by First Tennessee that are the subject of

this lawsuit are not covered under the Policy and thus First Tennessee is estopped from asserting

any claims under the Policy against RMIC relating to those loans.

     WHEREFORE, defendants Republic Mortgage Insurance Company and Republic

Mortgage Insurance Company of North Carolina request that this Court enter judgment in its

favor on Count I of the Complaint, and award it such other relief as this Court deems just and

appropriate.

                         Respectfully submitted,

                         s/Robert E. Craddock, Jr.
                         Glen G. Reid, Jr. (TN BPR #8184)
                         Robert E. Craddock, Jr. (TN BPR #5826)
                         WYATT, TARRANT & COMBS, LLP
                         1715 Aaron Brenner Drive, Suite 800
                         Memphis, TN  38120
                         (901) 537-1000 phone
                         (901) 537-1010 facsimile
                         greid@wyattfirm.com
                         rcraddock@wyattfirm.com

                         Michael R. Hassan (admitted *pro hac vice*)
                         Albert E. Fowerbaugh, Jr. (admitted *pro hac vice*)
                         BUTLER RUBIN SALTARELLI & BOYD LLP
                         70 West Madison Street, Ste. 1800
                         Chicago, IL  60602
                         (312) 444-9660 phone
                         (312) 444-9287 facsimile
                         mhassan@butlerrubin.com
                         afowerbaugh@butlerrubin.com

Attorneys for REPUBLIC MORTGAGE
INSURANCE COMPANY and REPUBLIC
MORTGAGE INSURANCE COMPANY OF
NORTH CAROLINA

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via the Court's
ECF filing system to all counsel of record, this 24th day of September, 2010.

s/Robert E. Craddock, Jr.

651537.1