**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
Michael S. Meisel
Arianna Frankl
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
(T) (201) 489-3000
(F) (201) 489-1536

**BUTLER RUBIN SALTARELLI & BOYD LLP**
Michael R. Hassan, *admitted pro hac vice*
Albert E. Fowerbaugh, Jr., *admitted pro hac vice*
Catherine E. Isely, *admitted pro hac vice*
70 West Madison Street, Ste. 1800
Chicago, IL  60602
(T) (312) 444-9660
(F) (312) 444-9287

*Attorneys for Defendants Republic Mortgage Insurance Company
and Republic Mortgage Insurance Company of North Carolina*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | : | |
| | : | Case No.: 2:10-CV-06141 (WJM) (MF) |
| Plaintiff, | : | |
| | : | **REPLY MEMORANDUM IN** |
| v. | : | **SUPPORT OF DEFENDANTS'** |
| | : | **MOTIONS TO DISMISS SECOND** |
| REPUBLIC MORTGAGE | : | **AMENDED COMPLAINT AND** |
| INSURANCE COMPANY and | : | **FOR MORE DEFINITE** |
| REPUBLIC MORTGAGE | : | **STATEMENT** |
| INSURANCE COMPANY OF | : | |
| NORTH CAROLINA, | : | ORAL ARGUMENT REQUESTED |
| | : | |
| Defendants. | : | Motion date:  Dec. 5, 2011 |
| | : | |

48859/0002-8078428v1

## TABLE OF CONTENTS
**Page**

INTRODUCTION ..................................................................................................1

I. COUNTS I, II AND IV DO NOT GIVE RMIC FAIR NOTICE OF CHASE'S CLAIMS AS TO THE 369 LIST-ONLY CERTIFICATES ...........2

II. DECLARATORY JUDGMENT WOULD NOT PROVIDE CONCLUSIVENESS OR UTILITY ............................................................7

III. CHASE HAS NOT ALLEGED THE ELEMENTS OF COLORADO OR LOUISIANA STATUTORY CLAIMS....................................................10

IV. RULE 12(E) WILL PARE DOWN CHASE'S SHOTGUN PLEADING AND HOLD CHASE TO ITS RULE 10(B) OBLIGATION ........................................................................................14

CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................. 1, 3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................ 3, 4, 5

*Clark v. McDonald's Corp.*,
   213 F.R.D. 198 (D.N.J. 2003) .................................................................................. 14

*Hibbets v. Lexington Ins. Co.*,
   377 Fed. Appx. 352 (5th Cir. 2010) ..................................................................... 12, 13

*In re Cardiac Devices Qui Tam Litig.*,
   221 F.R.D. 318 (D. Conn. 2004) ................................................................................ 5

*Klein v. Autek Corp.*,
   147 Fed. Appx. 270 (3d Cir. 2005) .......................................................................... 6, 7

*Lasky v. Camden Cty.*,
   Civ. No. 09-4338, 2010 WL 323220 (D.N.J. Jan. 20, 2010) ..................................... 14

*Phillips v. Cnty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ........................................................................................ 3

*Rainbow USA, Inc. v. Nutmeg Ins. Co.*,
   612 F. Supp.2d 716 (E.D. La. 2009) ......................................................................... 12

*Resolution Trust Corp. v. Blasdell*,
   154 F.R.D. 675 (D. Ariz. 1993) ................................................................................ 15

*Santiago v. Warmister Twp.*,
   629 F.3d 121 (3d Cir. 2010) .................................................................................. 4, 11

*Travelers Ins. Co. v. Obusek*,
   72 F.3d 1148 (3d Cir. 1995) .............................................................................. 7, 8, 9

*Turner v. State Farm Mut. Auto. Ins. Co.*,
   Civ No. 09-01926, 2010 WL 3239270 (D. Colo. Aug. 12, 2010) ............................ 12

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
  501 F.3d 493 (6th Cir. 2007) .................................................................................5

*United States ex rel. Johnson v. Shell Oil Co.*,
  183 F.R.D. 204 (E.D. Tex. 1998) ...........................................................................5

**STATUTES**

Colo. Rev. Stat. § 10-13-1116 ...................................................................... 10, 11, 12

LA. Rev. Stat. Ann. § 22:1973 ................................................................................11

Tex. Ins. Code § 705.004(a) ....................................................................................10

Tex. Ins. Code § 705.004(b) ....................................................................................10

Tex. Ins. Code § 705.004(c) ....................................................................................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ..............................................................................................passim

Fed. R. Civ. P. 9 ........................................................................................................6

Fed. R. Civ. P. 10(b) ..................................................................................... 1, 14, 15

## INTRODUCTION

In each of the three complaints it has filed in this action, Chase relies on sweeping and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" set forth in a shotgun pleading style that does not meet the requirements of Rule 8 or Rule 10(b).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  In dismissing Chase's Amended Complaint, this Court cautioned Chase that it would not "draw conclusions concerning the insurance Policies in general without reference to a particular claimant with an actual problem" and granted leave to re-plead to the extent amended claims were "predicated upon RMIC's failure to pay on particular contracts."  May 4, 2011 Op. at 5, 9.  Chase nonetheless filed a Second Amended Complaint that shares the same flaws and illustrates a prime reason pleading standards exist – to prevent defendants from being forced to litigate baseless claims.

Originally, Chase alleged that RMIC wrongfully rescinded 2,054 Certificates. Dkt. No. 1-1, at 2-54.  Three months later, Chase filed an Amended Complaint that dropped the number of Certificates to 1,826.  Dkt. No. 19-1, at 2-48.  Then, after the Court dismissed the Amended Complaint, Chase filed its Second Amended Complaint, dropping the number of Certificates at issue to 377.  Dkt. No. 39, at 2-5. Now, after RMIC has moved to dismiss for the second time, Chase acknowledges that still further Certificates need to be dropped from the case and that it will seek leave to file a fourth Exhibit A to its complaint listing some lesser number of Certificates that

it contends are actually at issue.[1]  In total, Chase implicitly admits that at least 1,677 Certificates previously alleged to be wrongfully rescinded were in fact properly rescinded.  With arrival of the promised fourth Exhibit A, that number will grow.

As this history makes plain, each time Chase's claims are subjected to scrutiny and Chase is pressed to comply with its pleading obligations, the breadth of this dispute sharply narrows.  Stripped of conclusory legal allegations and sweeping allegations of practices allegedly employed by RMIC "in certain cases" or "in some cases," Chase's claims are insufficient to state claims under Counts I-VI,[2] and Defendants' Motions to Dismiss Second Amended Complaint and for More Definite Statement should be granted.

## I. COUNTS I, II AND IV DO NOT GIVE RMIC FAIR NOTICE OF CHASE'S CLAIMS AS TO THE 369 LIST-ONLY CERTIFICATES

RMIC moved to dismiss Chase's claims associated with the 369 List-Only Certificates for failure to state a claim, because, in violation of Rule 8, Chase did not allege any facts specific to RMIC's rescission of those Certificates.  Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the

---

[1] Chase states it "intends to seek to amend Exhibit A to the Complaint to exclude some of these transactions as to which – due to subsequent events – there is no ongoing controversy [including where] . . . upon further independent review, Chase has identified other issues with the loan."  Chase's Memo. in Opposition to Motion to Dismiss and For a More Definite Statement ("Opp. Br.") at 1 n.2.

[2] Chase abandoned claims under Count IV with respect to Certificates 0704631012 and 0802331526, Opp. Br. at 3 n.3, providing further confirmation that its allegations fail when Chase is required to trade generalities for actual facts.

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Post-*Twombly* and *Iqbal*, Rule 8 requires more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  A defendant is entitled to "fair notice of what the ... claim is and the grounds upon which it rests," and the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 and 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 556).  The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Doing so "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 555).

Chase asserts that the Second Amended Complaint "does set forth the conduct that is at issue and is common to all of the transactions identified in the complaint – that is, RMIC's practice of denying claims under and wrongfully rescinding each of the listed certificates – and sets forth detailed descriptions of eight representative transactions." Opp. Br. at 2.  Chase points to its allegation in the Second Amended Complaint that "RMIC had no valid basis for rescinding coverage, however, because the information it purportedly discovered did not justify rescission of the policies and/or the rescissions were otherwise barred under the policies or applicable law," as

an example of the "identical allegations with respect to each and every loan listed on Exhibit A." Opp. Br. at 5. This conclusory allegation need not be taken as true. *See Santiago v. Warmister Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Moreover, it strains credulity to contend, as Chase does, that "the information [RMIC] purportedly discovered" with respect to misrepresentations in 369 separate and unrelated Certificates is identical. Indeed, the facts associated with what Chase refers to as "representative transactions" differ markedly. The resolution of each of those transactions will turn on factual determinations specific to the Certificate at issue, and will not determine the outcome as to the other seven Certificates, much less the 369 additional Certificates for which no facts are pled. Accordingly, Chase must provide Certificate-specific factual allegations to state a claim under the List-Only Certificates that are "plausible on [their] face." *See Twombly*, 550 U.S. at 555 and 570.

In challenging dismissal, Chase asserts that "Rule 8 does *not* require that a complaint set forth *all* of the factual detail that may ultimately be appropriately sought in discovery." Opp. Br. at 10 (emphasis added). In so asserting, Chase seeks to rebut an argument RMIC has not made. The requisite pleading standard is not "all" factual detail regarding a cause of action, but neither is it "no" factual detail. Chase must plead *some* non-conclusory factual allegations that "suggest the required elements of the claims asserted" and "plausibly give rise to an entitlement to relief." *Santiago*, 629 F.3d at 130. "'[N]aked assertion[s]'" will not do. *Iqbal*, 129 S.Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Chase next argues the Court should deny RMIC's motion to dismiss because, in a separate litigation pending in the United States District Court for the Middle District of Tennessee ("the First Tennessee Action"), RMIC answered the complaint without moving to dismiss for failure to satisfy Rule 8. Opp. Br. at 11. Yet, as Chase concedes, RMIC did move to dismiss in the First Tennessee Action with respect to multiple legal theories asserted there. *Id.* at 11 n.7. Chase offers no case law support for its ill-conceived argument that the procedural strategy a party followed in a different litigation involving a different plaintiff somehow cures the defect in Chase's Second Amended Complaint. Thus, Chase's argument should be rejected.[3]

Finally, Chase argues the Court should deny RMIC's motion to dismiss because "courts regularly permit plaintiffs to limit their complaint to the details of a few exemplary cases." Opp. Br. at 11. In support of its faulty proposition, Chase cites three cases (*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 510 (6th Cir. 2007); *In re Cardiac Devices Qui Tam Litig.*, 221 F.R.D. 318, 333 (D. Conn. 2004); and *United States ex rel. Johnson v. Shell Oil Co.*, 183 F.R.D. 204, 206-07 (E.D. Tex.

---

[3] Moreover, it is axiomatic that federal pleading rules serve the public policy interests of the court system, not merely the convenience of parties. For that reason, the Supreme Court has directed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of **minimum expenditure of time and money by** the parties and **the court**.'" *Twombly*, 550 U.S. at 558 (*quoting Wright & Miller*) (emphasis added). Dismissal of Counts I, II and IV as to the 369 List-Only Certificates serves these policy interests by avoiding unnecessary litigation over Certificates as to which Chase can state no plausible claim.

1998)) in which plaintiffs brought claims based on a fraudulent scheme and were required to plead in accordance with the specificity required by Fed. R. Civ. P. 9. No such situation exists here. Chase has not alleged that RMIC engaged in either a conspiracy or a fraudulent scheme to breach all of the Certificates at issue. Rather, Chase purports only to bring an action for separate breaches of contract and violations of common law and state statutory law as to hundreds of unique Certificates involving hundreds of factually different disputes. Chase identifies no case law in which a court has held that pleading of a "few exemplary cases" is sufficient to state a claim in compliance with Rule 8 for hundreds of different breach of contract actions. Chase's attempt to deny fair notice to RMIC by employing a mechanism reserved for pleading a fraudulent scheme, while not being held to the accompanying obligation of heightened specificity in pleading fraud, should be rejected.

Chase is not entitled to another opportunity to comply with its pleading obligations, and Counts I, II and IV as to the 369 List-Only Certificates should be dismissed with prejudice.[4] Dismissal with prejudice is warranted here because Chase "has been given ample time to prepare its original and amended complaints" and then "failed to proffer a second amended complaint that cured the deficiencies." *See Klein v. Autek Corp.*, 147 Fed. Appx. 270, 278-79 (3d Cir. 2005). RMIC should not be required to defend against yet another amended complaint while Chase struggles to

---

[4] The same arguments apply with equal force to dismissal with prejudice of Count III.

craft viable claims.  *See Klein*, 147 Fed. Appx. at 279 (recognizing the additional prejudice and unfairness that would result from a third complaint).

## II.     DECLARATORY JUDGMENT WOULD NOT PROVIDE CONCLUSIVENESS OR UTILITY

In opposing RMIC's motion to dismiss the request for a declaratory judgment, Chase sets forth the Third Circuit's three-prong "ripeness" analysis – without identifying it as such – and repeatedly cites to *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995).  Opp. Br. at 14.  That "ripeness" analysis examines:  (i) the adversity of interest between the parties; (ii) the conclusiveness of the declaratory judgment; and (iii) the utility of the declaratory judgment.  *Id.*  Chase's invocation of the analysis in *Travelers* is peculiar, given that Chase's declaratory judgment count cannot survive the second (conclusiveness) and third (utility) prongs of the analysis.[5]

---

[5] In *Travelers*, the Court of Appeals characterized its analysis as an inquiry into "ripeness," but also recognized that the ripeness doctrine "is at least partially grounded in the case or controversy requirement."  *Travelers*, 72 F.2d at 1154.  Moreover, the court concluded the dispute satisfied the Article III case or controversy requirement with reference to its ripeness discussion.  *Id.*  Given this analytical overlap, and Chase's approach to its declaratory relief argument, RMIC replies to Chase's arguments under the ripeness analysis of *Travelers*.  However, RMIC notes that the existence of a controversy contemplated by the Declaratory Judgment Act properly involves the question of "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy any [sic] reality to warrant the issuance of a declaratory judgment.'"  May 4, 2011 Op. at 4-5 (*citing Golden v. Zwicker*, 394 U.S. 103, 108 (1969)).  Moreover, this Court may decline to exercise its discretion to adjudicate the declaratory relief requested, as it did in the May 4, 2011 Opinion.  *Id.* at 6.  Doing so again here would serve the interests of judicial economy.  *Id.* at 5.

First, the declaratory relief sought by Chase will not provide "conclusiveness." In *Travelers,* the Court of Appeals explained that

> [a]n integral part of the conclusiveness inquiry is the necessity that the court be presented with a set of facts from which it can make findings. Without a concrete set of facts, the court cannot engage in its required fact-finding role and declare the parties' rights based on those facts. Without the necessary facts, the court is left to render an advisory opinion.

*Travelers*, 72 F.2d at 1155. Chase contends that "the requested declaratory judgment would conclusively 'decide the parties' rights,'" specifically "the scope of RMIC's right to rescind Individual Policies where the law of specific states applies." Opp. Br. at 15. But Chase has not provided this Court with any concrete set of facts upon which the parties' rights can be declared. Chase alleges no facts specific to the 369 List-Only Certificates, and the insufficient facts alleged as to the Eight Certificates confirm that the rescissions of those Certificates bear no relation to one another. In the absence of a concrete set of facts applicable to the 377 Certificates, declaratory relief is not appropriate here. Instead, the materiality of each misrepresentation and the reasonableness or good faith of each rescission decision must be determined separately based on the individualized facts of each borrower and his transaction.

Notably, "a factual record is not as crucial" in instances "where the question presented is 'predominately legal.'" *Travelers*, 72 F.2d at 1155. Thus, Chase's assertion that the relief that it seeks under Count III is the same as the relief recently sought by RMIC in a different declaratory judgment action (Opp. Br. at 17) is incorrect. Unlike Chase's Count III here, RMIC's Amended Complaint for Declaratory Judgment filed

in New York Superior Court ("the New York Action") presents questions that are predominately legal. The New York Action seeks relief primarily in the form of declarations regarding whether a letter amendment to one insurance policy is applicable to other insurance policies. The outcome of that single issue will have an effect on insurance coverage for hundreds or even thousands of different loans. In the instant litigation, Chase seeks declaratory relief in which the questions are not predominantly legal, but instead require extensive individualized factual determinations on a Certificate-by-Certificate basis. *See* Second Am. Compl. at 25-26 (requesting declarations that RMIC's recessions breached a duty of good faith, that various misrepresentations that could apply to Certificates are not material, that RMIC has unclean hands, that rescission is not permitted by applicable state statutory law, that Section 2.3 of the Master Policies is null and void under Texas law, and that RMIC may not rescind coverage under Section 2.3 without a certain type of evidence).

Chase's declaratory judgment count also fails to provide "utility," the third prong of the Third Circuit analysis invoked by Chase. *Travelers* instructs that, to be ripe for adjudication, a declaratory judgment "must be of some practical help to the parties." *Travelers*, 72 F.2d at 1155. In that case, the Court of Appeals concluded that resolution of the declaratory judgment would answer the insured's question of whether attendant care services she sought were an allowable expense prior to the insured actually employing a licensed health care giver and incurring the associated expense. *Id.* No such utility would follow from the declarations sought by Count III.

48859/0002-8078428v1                                        9

Chase proffers only one example of a purported utility that would follow from its requested declaratory relief. Chase contends that the grant of its request for a declaration that Section 2.3 of the Master Policies is null and void under Tex. Ins. Code § 705.004(a) would provide practical help to the parties in that "future disputes relating to such policies would be averted because it would be clear RMIC could not unilaterally rescind coverage for certificates governed by Texas law." Opp. Br. at 16. Chase conveniently ignores related statutory language providing that its cited statutory provision "does not apply if it is shown at trial that the matter misrepresented: (1) was material to the risk; or (2) contributed to the contingency or event on which the policy became due and payable," Tex. Ins. Code § 705.004(b), and that "[i]t is a question of fact whether a misrepresentation made in the application for the policy or in the policy itself was material to the risk or contributed to the contingency or event on which the policy became due and payable." Tex. Ins. Code § 705.004(c). Given the statutory provisions and fact questions associated with separate Certificates, it is unlikely that disputes will be averted. Because neither "conclusiveness" nor "utility" would follow from adjudication of Count III, declaratory relief is inappropriate here.

### III. CHASE HAS NOT ALLEGED THE ELEMENTS OF COLORADO OR LOUISIANA STATUTORY CLAIMS

Chase has not alleged the elements of Colorado or Louisiana statutory claims in Counts V and VI of the Second Amended Complaint. Both the Colorado statute, Colo. Rev. Stat. § 10-13-1116, and the Louisiana statute, LA. Rev. Stat. Ann. §

22:1973, require the insured to have submitted to the insurer an actual claim for payment of benefits under the insurance policy. Chase cannot allege actual claims here because, as the Court has recognized, these disputes involve rescissions of Certificates prior to any claim being made. May 4, 2011 Op. at 8.

In its Opposition Brief, Chase attempts to avoid these deficiencies in Counts V and VI by equating rescission with denial of a claim. Chase argues that "[t]he Colorado statute is violated where an insurer . . . denies a claim without a reasonable basis" and "RMIC denied valid claims through the use of pretextual rescissions – in other words, without reasonable basis." Opp. Br. at 19. The allegations to which Chase refers, *e.g.*, that "[b]y purporting to rescind coverage with respect to the Colorado Policies, RMIC has unreasonably denied the payment of claims for benefits under the policies," Second Am. Compl. ¶ 103, are legal conclusions that need not be taken as true. *See Santiago,* 629 F.3d at 130. Chase does not identify any basis for assuming equivalence of these terms, either in the language of the statutes or in any decision interpreting those statutes. Chase cites no case law that an insurer's rescission of an insurance policy prior to any claim – even if "unwarranted and wrongful" – can qualify as a statutory violation of either Colorado's § 10-3-1116 or Louisiana's § 22:1973. In fact, this Court has already recognized that other courts have "upheld RMIC's contractual right to unilaterally rescind coverage for loans prior

to the submission of a claim under a mortgage insurance policy identical to the Policies in the current action." May 4, 2011 Op. at 8.[6]

Neither of the two cases cited by Chase addresses the sufficiency of allegations pled in support of a Colorado or Louisiana statutory claim. *See Turner v. State Farm Mut. Auto. Ins. Co.,* Civ No. 09-01926, 2010 WL 3239270, at *3 (D. Colo. Aug. 12, 2010) (granting insurer partial summary judgment on plaintiff's CRS § 10-3-1116 claim where there was no evidence that insurer did not have a reasonable basis for denying plaintiff's claim); *Rainbow USA, Inc. v. Nutmeg Ins. Co.*, 612 F. Supp.2d 716, 732-33 (E.D. La. 2009) (granting insurer summary judgment as to insured's statutory penalty claim for insurer's refusal to pay in excess of amounts listed on a statement of values). Indeed, *Rainbow USA* stresses the fact-specific and individualized nature of a statutory claim for bad faith. *Rainbow USA*, 612 F. Supp. 2d at 732.

On the other hand, *Hibbets v. Lexington Ins. Co.*, 377 Fed. Appx. 352, 356 (5th Cir. 2010), cited by RMIC in its initial Memorandum and ignored by Chase, *is* instructive on this point. *Hibbets* considered whether plaintiffs' allegations were sufficient to state a claim for violation of the same (now renumbered) Louisiana insurance bad faith statute. *Id.* at 355. The complaint alleged that "['the insurer] has

---

[6] Chase also argues that Chase "does not have ready access to the certificates for all of the loans at issue." Opp. Br. at 19. This does not excuse Chase from: (i) pleading a particular Certificate subject to the Colorado statute, an actual claim for payment of benefits, or factual allegations giving plausibility to the conclusory allegation that such a claim was unreasonably delayed or denied by RMIC; and (ii) tendering something more than "naked assertion[s]" regarding Chase's submission of a satisfactory proof of loss or the supposedly arbitrary and capricious failure to pay the associated claim.

breached and continued to breach its duties of good faith and fair dealing, as well as its duty to fairly adjust claims," that "'[the insurer] has breached and continues to breach its duty to timely adjust claims upon satisfactory proof of loss from individual Plaintiff Class members, evidencing losses from covered perils' and 'misrepresented pertinent policy provisions,' and that these actions by the insurer 'are arbitrary, capricious, and unsupported by evidence' and 'constitute bad faith.'" *Id.* at 355-56. The court found these conclusory allegations insufficient, because "the absence of any factual allegations dooms any claim that [the insurer's] actions could be construed as 'arbitrary, capricious or without probable cause.'" *Id.* at 356. Chase's allegation in support of Count VI is similarly conclusory, reading: "RMIC breached this duty by arbitrarily, capriciously and without probable cause failing to pay the Louisiana claims within 60 days of receiving satisfactory proof of loss." Second Am. Compl. ¶ 111. Chase does not provide a single factual allegation of RMIC's conduct as relates to any particular Certificate subject to Louisiana law.[7]

---

[7] *Hibbets* also confirms the insufficiency of Chase's allegations to support its breach of contract claims in Count I. The court noted that the complaint was devoid of facts concerning when the claim was submitted, when claimants were contacted by an adjustor and the nature and amount of the damage, and held that the facts alleged (plaintiffs' names, policy numbers and property addresses) were insufficient to state a plausible breach of contract claim. *Hibbets*, 377 Fed. Appx. at 355. Chase has alleged far fewer facts regarding its breach of contract claims under the List-Only Certificates.

## IV.     RULE 12(E) WILL PARE DOWN CHASE'S SHOTGUN PLEADING AND HOLD CHASE TO ITS RULE 10(B) OBLIGATION

A more definite statement is appropriate where the pleadings are "so vague or ambiguous that the [responding] party cannot reasonably prepare a response." *Lasky v. Camden Cty.*, Civ. No. 09-4338, 2010 WL 323220, at *2 (D.N.J. Jan. 20, 2010). A more definite statement is warranted where "the court finds it desirable to pare down 'shotgun' pleadings to make the litigation more manageable through more controlled discovery." *Id.* Precisely such a situation exists here.

In *Lasky*, the Court considered the sufficiency of a complaint purporting to allege violations of the Americans With Disabilities Act ("ADA") arising from architectural barriers that inhibited the plaintiff's access to various facilities. *Lasky*, 2010 WL 323220 at *2. The court found that "the Complaint's utter generality forces [the city] to guess" the facilities that allegedly violated the ADA and concluded that "[i]t is not too much" for the plaintiff to specify locations and dates on which he visited those locations. *Id.* at *3. Guesswork should not be required of RMIC either. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 234 (D.N.J. 2003) (given the "'shotgun' component" to the complaint, "McDonald's is simply left to guess as to which of its remaining 2945 restaurants are alleged to violate the ADA, and how so").

A more definite statement may have been unnecessary if Chase had complied with Rule 10(b)'s directive to state each claim founded on a separate transaction or occurrence in a separate count or defense. Fed. R. Civ. P. 10(b). Chase does not

dispute that each Certificate constitutes a separate transaction, referring to its "Eight Representative Transactions," but fails to state those transactions in separate counts. Opp. Br. at 20.  Chase's silence on Rule 10(b)'s directive concedes that its pleading style is improper, and requiring Chase to provide a more definite statement will appropriately "pare down" Chase's shotgun pleading and allow the more manageable progress of this litigation through a controlled discovery process.  *See Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 690 (D. Ariz. 1993).

## CONCLUSION

For the foregoing reasons, RMIC respectfully requests that this Court grant Defendants' Motion to Dismiss the Second Amended Complaint and for a More Definite Statement.

Dated:  November 18, 2011                                   Respectfully submitted,

| | |
|---|---|
| **BUTLER RUBIN SALTARELLI & BOYD LLP** | **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.** |
| Michael R. Hassan, *admitted pro hac vice* | |
| Albert E. Fowerbaugh, Jr., *admitted pro hac vice* | By: *s/ Michael S. Meisel* |
| Catherine E. Isely, *admitted pro hac vice* | Michael S. Meisel |
| 70 West Madison Street, Ste. 1800 | Arianna Frankl |
| Chicago, IL  60602 | Court Plaza North, 25 Main Street, P.O. Box 800 |
| (T) (312) 444-9660 | Hackensack, New Jersey  07602-0800 |
| (F) (312) 444-9287 | (T) (201) 489-3000 |
| | (F) (201) 489-1536 |
| | *Attorneys for Defendants Republic Mortgage Insurance Company and Republic Mortgage Insurance Company of North Carolina* |

## CERTIFICATE OF SERVICE

I, Arianna Frankl, hereby certify under penalty of perjury, that on November 18, 2011, I caused a copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND FOR MORE DEFINITE STSATEMENT to be served in accordance with Local Rule 5.2 via electronic means through the Court's ECF filing system on all parties who have appeared in the action.

*s/ Arianna Frankl*
Arianna Frankl

485457v2