**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
Michael S. Meisel
Arianna Frankl
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
(T) (201) 489-3000
(F) (201) 489-1536

**BUTLER RUBIN SALTARELLI & BOYD LLP**
Michael R. Hassan, *admitted pro hac vice*
Albert E. Fowerbaugh, Jr., *admitted pro hac vice*
Catherine E. Isely, *admitted pro hac vice*
70 West Madison Street, Ste. 1800
Chicago, IL  60602
(T) (312) 444-9660
(F) (312) 444-9287

*Attorneys for Defendants Republic Mortgage Insurance Company and Republic Mortgage Insurance Company of North Carolina*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | : |
| | : Case No.: 2:10-CV-06141 (WJM) (MF) |
| Plaintiff, | : |
| | : **DECLARATION OF ALBERT E.** |
| v. | : **FOWERBAUGH, JR. IN SUPPORT** |
| | : **OF DEFENDANTS' MOTION TO** |
| REPUBLIC MORTGAGE | : **ENJOIN OR STAY ARBITRATION** |
| INSURANCE COMPANY and | : |
| REPUBLIC MORTGAGE | : |
| INSURANCE COMPANY OF | : |
| NORTH CAROLINA, | : |
| | : |
| Defendants. | : |

48859/0002-8624271v1

Albert E. Fowerbaugh, Jr., an attorney duly admitted in this matter, hereby affirms that the following is true under the penalties of perjury:

1. I am an attorney with the law firm Butler Rubin Saltarelli & Boyd LLP and am fully familiar with the facts and circumstances herein.

2. I submit this declaration in support of defendants Republic Mortgage Insurance Company and Republic Mortgage Insurance Company of North Carolina's (collectively "RMIC") Motion to Enjoin or Stay Arbitration.

3. RMIC served its Rule 26 initial disclosure on February 13, 2011.

4. On February 8, 2011, David Luettinger of Morgan Lewis & Bockius LLP, counsel for Chase at that time, called my partner Michael R. Hassan to discuss a discovery plan, Rule 26 disclosures and Chase's interest in pursuing summary disposition of claims through a series of "mini trials" involving "bellwether claims." Mr. Hassan advised Mr. Luettinger that such a proposal was premature in advance of discovery. Chase then served its Rule 26 initial disclosure on March 30, 2011.

5. As counsel for RMIC, I and counsel for Chase participated in a telephonic status conference before Magistrate Judge Shipp on September 7, 2011.

6. On May 25, 2012, RMIC received a copy of the Demand for Arbitration and Statement of Claims ("Demand") electronically submitted by Chase to the American Arbitration Association ("AAA"). A true and correct copy of the Demand, attachments, and related materials are collectively attached hereto as Exhibit 1.

7. On June 5, 2012, RMIC received an e-mail letter from a Manager for ADR Services at the AAA, acknowledging submission of Chase's Demand, setting forth a series of immediate deadlines with which RMIC was to comply, and scheduling an administrative conference call for June 13, 2012. A true and correct copy of that e-mail letter and attachments are collectively attached hereto as Exhibit 2.

8. No counsel for Chase contacted RMIC's counsel of record in the above-captioned action before Chase initiated the AAA arbitration.

9. Chase's lead counsel is identified in the Demand as Brent J. McIntosh of Sullivan & Cromwell LLP. Based on my investigation, I believe that Mr. McIntosh is "Counsel for JPMorgan Chase & Co. in numerous actions and investigations stemming from JPMC's acquisition of the assets of Washington Mutual Bank," and he is "heading the efforts" of Sullivan & Cromwell as "national coordinating counsel for JP Morgan Chase's residential mortgage-backed securities litigation, which includes

claims arising from securitizations issued by WaMu and Bear Stearns." A true and correct copy of the Cromwell & Sullivan LLP-related materials on which I base my belief is attached hereto as Exhibit 3.

10. On June 12, 2012, I contacted Mr. McIntosh and inquired whether attorneys at Sullivan & Cromwell planned to file appearances before this Court. Mr. McIntosh acknowledged awareness of the pending New Jersey litigation, but stated that neither he nor other attorneys at Sullivan & Cromwell intended to file an appearance in this action. I asked whether it was Chase's view that the two actions could go forward at the same time, and Mr. McIntosh said it was. I advised Mr. McIntosh of RMIC's position that Chase had waived arbitration, of RMIC's intent to move this Court for an Order enjoining or staying the arbitration, and of the June 13, 2012 pre-motion conference before this Court.

11. I and Mr. McIntosh, and our colleagues, participated in the June 13, 2012 AAA administrative conference subject to Mr. McIntosh's agreement that Chase would not argue that our participation in the call was a waiver of RMIC's jurisdictional objection, although Mr. McIntosh declined to agree that further participation by RMIC was not a waiver of that objection. In the conference, I objected on behalf of RMIC to the jurisdiction of the AAA, and any arbitrators that may be appointed, on the

ground that Chase has waived its right to invoke the arbitration clause through its lengthy and ongoing litigation conduct before this Court.  I also advised the AAA of RMIC's forthcoming motion to enjoin arbitration.  When the AAA Manager solicited Chase's position on the issue, Mr. McIntosh acknowledged that both actions sought interpretation of insurance policies, but declined to agree to any stay of arbitration.  The AAA Manager then set a deadline of June 20, 2012 by which RMIC is required to submit: (i) its response to Chase's Demand; (ii) a letter supporting RMIC's position on the appropriate arbitration locale; and (iii) a Conflicts Checklist.

12. Since inception of this litigation in November 2010, RMIC has expended hundreds of thousands of dollars in fees and costs associated with Butler Rubin Saltarelli & Boyd LLP's representation, and I and my colleagues have also required significant assistance from RMIC internal personnel to assess Chase's three Complaints and defend this case.

13. Since RMIC's receipt of Chase's Demand, RMIC has incurred additional and substantial outside legal and internal personnel hours as attorneys at Butler Rubin Saltarelli & Boyd LLP analyzed the Demand, drafted this motion, attended the AAA administrative teleconference, drafted submissions to the AAA addressing the parties' arbitration locale positions,

prepared the AAA Conflicts Checklist and drafted RMIC's jurisdictional objection and response to the Demand.

14. If RMIC is required to participate in the AAA arbitration, RMIC will incur significant additional outside counsel fees and costs and will be required to re-direct internal personnel resources to assist in RMIC's defense.

15. The chart attached as Exhibit 4 identifies certain allegations of the Demand and the corresponding declaratory judgment-related allegations of the Second Amended Complaint.

16. The chart attached hereto as Exhibit 5 identifies certain allegations in the Demand and the corresponding allegations of the "Representative Transactions" in Chase's Second Amended Complaint.

17. Master Policy Nos. 34905 and 53606-35 specifically identified in the Second Amended Complaint and Master Policy No. 36450 specifically identified in the Demand were written on Master Policy Form No. MP-1103, and contain identical language, except where modified by endorsement, amendment, or other writing.

18. In addition to Certificate No. 0724252107, issued under Master Policy No. 36450 and specifically identified in the Demand, RMIC issued more than 500 other certificates under Master Policy No. 36450. Since

issuance, Chase has submitted scores of claims to RMIC relating to the default of the loans listed in those certificates. Many of those claims have been paid, other claims are pending, and a number of those certificates have been rescinded. All of RMIC's rescission of certificates under Master Policy No. 36450, like all of RMIC's rescission of certificates under Master Policy Nos. 34905 and 53606-35 and the other master mortgage insurance policies issued by RMIC, were made pursuant to the language of RMIC Master Policy Form No. MP-1103 and any modifying endorsements, amendments, or other writings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 19, 2012  _____
                                              Albert E. Fowerbaugh, Jr.

## CERTIFICATE OF SERVICE

I, Arianna Frankl, hereby certify under penalty of perjury, that on June 19, 2012, I caused a copy of the foregoing DECLARATION OF ALBERT E. FOWERBAUGH, JR. to be served in accordance with Local Rule 5.2 via electronic means through the Court's ECF filing system on all parties who have appeared in the action.



                                                    Arianna Frankl

493616v3