

COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NJ 07602-0800
201-489-3000  201-489-1536 FAX
—
NEW YORK
—
DELAWARE
—
MARYLAND
—
TEXAS

**Michael S. Meisel**
MEMBER

**Reply to New Jersey Office**
WRITER'S DIRECT LINE: 201-525-6222
WRITER'S DIRECT FAX: 201-678-6222
WRITER'S E-MAIL: MMEISEL@COLESCHOTZ.COM

June 20, 2012

**VIA CM/ECF Filing**

Honorable William J. Martini
United States District Court
  for the District of New Jersey
Martin Luther King, Jr. Federal
  Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:   *JPMorgan Chase Bank, N.A. v. Republic Mortgage Ins. Co., et al.*
            Civil Action No. 2:10-CV-06141 (WJM) (MF)

Dear Judge Martini:

      Pursuant to Rule 6(c)(1)(C) of the Federal Rules of Civil Procedure, Defendants Republic Mortgage Insurance Company and Republic Mortgage Insurance Company of North Carolina (collectively, "RMIC") submit this letter request to set a July 16, 2012 motion date for RMIC's Motion to Enjoin or Stay Arbitration ("Motion") and to preclude Chase from invoking an automatic extension of the motion date to August 6, 2012 pursuant to Local Rule 7.1(d)(5).

      Chase filed the above-captioned litigation on November 23, 2010, and the sufficiency of Chase's Second Amended Complaint is being tested before this Court in RMIC's pending and fully-briefed motion to dismiss. Eighteen months later, on May 25, 2012, Chase filed its Demand for Arbitration and Statement of Claims ("Demand") with the American Arbitration Association ("AAA") without giving advance notice to either this Court or RMIC. RMIC's Motion asks this Court to enter an Order: (i) finding that Chase has waived its right to arbitrate through its litigation conduct; and (ii) enjoining Chase from proceeding with Case No. 13 195 01260 12 before the American Arbitration Association, or, in the alternative, staying the arbitration until a final judgment is entered in the instant action.

      RMIC filed its Motion yesterday, June 19, 2012, and sought a July 16, 2012 motion date. A July 16, 2012 motion date requires Chase to file any opposition to RMIC's Motion by July 2, 2012, and requires RMIC to file its reply a week later, on July 9, 2012. Due to RMIC's early filing of its Motion (which need not have been filed until June 22, 2012 to request a July 16, 2012 motion date),

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

Honorable William J. Martini
June 20, 2012
Page 2

Chase will be permitted three additional days beyond the usual ten days to respond to the Motion. However, absent an Order from this Court, Chase can automatically extend the motion date to the next available motion date of August 6, 2012, thereby delaying resolution of the Motion while RMIC is forced to defend against Chase's Demand in the AAA arbitration.

Chase should not be permitted an automatic extension of the motion date under the circumstances applicable here.  Chase chose to file its Demand before the AAA, invoking the speedy format of arbitration, and has refused to agree to any stay in the AAA proceedings in order for this Court to hear RMIC's Motion.  Simultaneously, Chase's arbitration counsel has refused to agree that RMIC can participate in any arbitration proceedings after the June 13, 2012 AAA administrative teleconference without Chase arguing that, in doing so, RMIC is undermining, or even waiving, its objection to the jurisdiction of any arbitrator(s) appointed by the AAA.  Having done so, Chase should not now be permitted the advantage of an extension of time that would result in further delay-related prejudice to RMIC as Chase postpones this Court's consideration of RMIC's Motion and pursues RMIC in arbitration.

On June 19 and 20, 2012, my colleague Arianna Frankl spoke with counsel for Chase concerning RMIC's request to fix the motion return date without adjournment.  Chase's counsel stated that Chase did not know at this time whether it would seek to invoke the automatic extension, would not be able to advise as to the same until Monday, June 25, 2012, and accordingly could not stipulate to fix the motion return date at July 16, 2012.  RMIC believes this delay is unnecessary given that RMIC's Motion was filed on June 19, 2012.

      Very truly yours,

      COLE, SCHOTZ, MEISEL,
      FORMAN & LEONARD, P.A.

      */s/ Michael S. Meisel*

      Michael S. Meisel

cc:  Counsel of Record