DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

June 21, 2012

BY CM/ECF

Honorable William J. Martini
United States District Court
  for the District of New Jersey
Martin Luther Kind, Jr. Federal
  Building and U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

   Re: JPMorgan Chase Bank, N.A. v. Republic Mortgage Ins. Co., et al.
     Civil Action No. 2:10-CV-06141 (WJM) (MF)

Dear Judge Martini:

  We represent JPMorgan Chase Bank, N.A. ("Chase"), the Plaintiff in the above-referenced action and write in response to the letter submitted yesterday by counsel for Defendants. In that letter, counsel requested that the Court set July 16, 2012 as the date for a hearing on Defendants' Motion to Enjoin or Stay Arbitration (the "Motion") and to preclude Chase from extending its time to respond pursuant to Local Rule 7.1(d)(5). Chase opposes Defendants' request that it prospectively barred from seeking an extension under this rule (to the extent it applies to the Motion) or otherwise because, quite simply, Defendants have offered no sound reason why this extraordinary relief should be granted.

  As a preliminary matter, Chase notes that the issue raised in Defendant's letter may become moot. Literally within minutes of filing the Motion, Defendants' counsel requested that Chase stipulate that it would not seek to adjourn the hearing date. Chase's counsel refused to agree to that stipulation because it had not yet had the opportunity to read, much less assess Defendants' motion. Yesterday, however, Chase's counsel informed Defendants' counsel that Chase expected to make a decision on whether to seek an extension no later than Monday, June 25th and requested that Defendants' counsel refrain from involving the Court until such time as a dispute actually arose. Defendants' counsel refused to honor that reasonable request. The bottom line is that Defendants' letter to the Court is premature—Chase may well decide that it does not want to seek an adjournment of the hearing date.

Honorable William J. Martini		2		June 21, 2012

      Even if Chase seeks to adjourn the hearing and a dispute arises, however, Defendants' request should not be granted.  Defendants' claim that a delay in the hearing on the Motion would prejudice them are unfounded.  Defendants' claim that prejudice would result from a short delay in the hearing on the Motion because until the Motion is decided, they must continue to litigate the AAA arbitration, potentially waiving their objections to the arbitrators' jurisdiction.  This argument makes no sense.  Before or after the Motion is decided, Defendants can preserve any objections they have to the arbitrator's jurisdiction in that forum.  And, Defendants already have sought an order from this Court enjoining the arbitration on the ground that Chase waived its right to arbitrate the matters submitted to the AAA for decision (which it plainly did not).

      Accordingly, we respectfully request that the Court deny Republic's request to prospectively preclude Chase from seeking to adjourn the hearing on the Motion.

      Sincerely,

      /s/ Philip A. Fortino

      Philip A. Fortino

cc:	All Counsel of Record

23689384v1