LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey  07068
(973) 597-2500

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-6000

*Attorneys for Plaintiff*
*JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------x
                                                         :
JPMORGAN CHASE BANK, N.A.,        Case No. 2:10-CV-06141 (WJM)
                                                         :
        Plaintiff,
                                                         :
    v.
                                                         :
REPUBLIC MORTGAGE INSURANCE       MEMORANDUM IN
COMPANY and REPUBLIC MORTGAGE :   OPPOSITION TO
INSURANCE COMPANY OF NORTH        DEFENDANTS' MOTION TO
CAROLINA,                       : ENJOIN OR STAY
                                  ARBITRATION
        Defendants.             :

---------------------------------------------------------x

## TABLE OF CONTENTS

Page

Preliminary Statement ................................................................................................1

Statement of Facts .....................................................................................................3

      A.     The Arbitration ...............................................................................4

      B.     Relevant Procedural History in this Action ..........................................5

Argument ....................................................................................................................7

      A.     Litigation Conduct Occurring After February 22, 2011 Cannot Support a Finding of Waiver ...............................................................7

      B.     Chase's Litigation Conduct Prior to February 22, 2011 Did Not Waive Its Right to Arbitrate Its Claims with Respect to the Bear Certificate ....................................................................................10

Conclusion ................................................................................................................15

# TABLE OF AUTHORITIES

**CASES**

*AAMCO Transmissions, Inc v. Dunlap*, No. 11-4009, 2011 WL 3586225
(E.D. Pa. Aug. 16, 2011) .................................................................................... 8

*Doctor's Assocs., Inc v. Distajo*, 107 F.3d 126 (2d Cir. 1997) ............................. 8, 9

*Gingiss Int'l Inc. v. Bormet*, 58 F.3d 328 (7th Cir. 1995) ........................................ 8

*Gray Holdco, Inc. v. Cassady*, 654 F.3d 444 (3d Cir. 2011) ...................... 11, 12, 13

*Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912 (3d Cir. 1992) .......... 11, 12, 13

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218
(S.D.N.Y. 2001) ............................................................................................... 15

*Microstrategy, Inc. v. Lauricia*, 268 F.3d 244 (4th Cir. 2001) ................................ 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ........... 1

*Nationwide Mut. Fire Ins. Co. v. Hamilton*, 410 F. App'x 537 (3d Cir. 2011) ....... 15

*PaineWebber, Inc. v. Faragalli*, 61 F.3d 1063 (3d Cir. 1995) ....................... 1, 7, 14

*Palcko v. Airborne Express, Inc.*, 372 F.3d 588 ..................................................... 13

*Tokio Marine & Fire Ins. Co., Ltd v. M/V Saffron Trader*, 257 F. Supp. 2d
651 (S.D.N.Y. 2003) ........................................................................................ 14

*Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674 (3d Cir. 2000) .................... 13, 14

*Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224 (3d Cir. 2004) ............ 2, 13, 14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 ...................................................................................................... 5

Fed. R. Civ. P. 26 ................................................................................................. 6, 13

Preliminary Statement

In a transparent attempt to avoid answering for one of its many contractual breaches, Republic Mortgage Insurance Company ("RMIC") asks the Court to disregard the strong federal policy favoring arbitration, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *PaineWebber, Inc. v. Faragalli*, 61 F.3d 1063, 1068 (3d Cir. 1995), and enjoin a duly commenced arbitration. In support of this extraordinary relief, RMIC argues that JPMorgan Chase Bank, N.A. ("Chase") waived its right to arbitrate by engaging in litigation concerning the arbitration claim that prejudiced RMIC with respect to that claim. This argument does not survive even the most casual scrutiny.

As a preliminary matter, RMIC obfuscates and grossly mischaracterizes the nature and scope of the relevant litigation conduct. The arbitration at issue, which Chase filed with the American Arbitration Association on May 25, 2012 (hereinafter, the "Arbitration") concerns a breach of a master insurance policy, Policy No. 36450, issued by RMIC to Bear Stearns Residential Mortgage Corp. ("Bear Stearns") on January 12, 2005 (the "Bear Policy"). The breach relates to the improper rescission of a single insurance certificate issued pursuant to the policy (the "Bear Certificate"). This action does not now and has never related to the Bear Policy (or any other master policy issued to Bear Stearns). Chase's initial complaint listed the Bear Certificate among the certificates at issue in this matter.

1

The mere temporary inclusion of this policy in the initial complaint, however, does not constitute waiver of Chase's right to arbitrate. *Cf. Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224 (3d Cir. 2004) (finding that the filing of a complaint alone without resulting prejudice to the opposing party would not constitute waiver).

It is crystal clear that Chase's temporary inclusion of the Bear Certificate among many others listed as being at issue in its first complaint in no way prejudiced RMIC. In the matter of weeks that the Bear Certificate was included in this action, nothing occurred any differently than if the claim had not been asserted. There was no discovery at all concerning the facts of that claim and no motion practice related to it. RMIC's argument that it has been prejudiced because it faces the threat of inconsistent orders if the Arbitration is permitted to proceed is a red herring for two reasons. First, assuming it were possible for there to be inconsistent orders (which it is not), this consequence would not result from any of Chase's litigation conduct, but rather would result from the agreement between the parties that permits claims to be litigated in arbitration or in court at the election of the insured. RMIC cites no case authority even suggesting that enjoining the arbitration is appropriate under such circumstances. Second—and most importantly—the declaratory relief sought in the two proceedings is, in reality, wholly distinct and does not pose a risk of inconsistent declaratory judgments. In

2

the arbitration, Chase seeks a ruling interpreting a particular section-section 2.4-of the master policy at issue; here, although Chase has sought declarations concerning the meaning of provisions in identically worded policies, it has *not* sought any declaration as to the meaning of section 2.4.

For the foregoing reasons and those set forth herein, RMIC's motion should be denied.

## Statement of Facts

Although RMIC does its best to obfuscate them, the facts relevant to adjudication of the Motion are uncomplicated. Chase, as the agent of the current insured party under the Bear Policy has the unambiguous contractual right to elect the forum for resolving claims relating to the Bear Certificate. (Demand for Arbitration and Statement of Claims, dated May 25, 2012 ¶ 8 (hereinafter, the "Demand"), attached as Ex. A to Declaration of Albert E. Fowerbaugh, dated June 19, 2012 (hereinafter, the "Fowerbaugh Aff.")) The contract plainly states that the insured may choose to either arbitrate or litigate such claims. (Ex. A to Demand at 22.) This action relates solely to RMIC's breach of its contractual duties to Chase in connection with 377 specific Certificates, but *not* the Bear Certificate. (Compl. ¶ 12, ECF No. 1 (identifying the master policies issued to Chase and Washington Mutual as subject of this action); Affidavit of Joyce Mizerak, dated July 2, 2012

(hereinafter, "Mizerak Aff.") ¶ 4.)  Simply put, there is no overlap of the legal or factual issues in this action and the Arbitration.

A.  <u>The Arbitration</u>

The arbitration relates to a single breach by RMIC of the Bear Policy. (Demand ¶¶ 4, 11 ("In particular, as is relevant to this arbitral claim, RMIC violated its contractual duties with respect to [the loan at issue].")).  The breach relates to the improper rescission of a single insurance certificate issued pursuant to the Bear Policy.  (*Id.* ¶¶ 22, 40-41.)  The Bear Policy, which is not among the Master Policies at issue in this action, contains a clear and unambiguous arbitration clause that gives the insured the right to elect arbitration to settle disputes arising out of or relating to the Bear Policy.  It provides, in relevant part, as follows:

> **7.6  Arbitration of Disputes; Suits and Actions Brought by the Insured**
>
> a.  Unless prohibited by applicable law, the Insured, at its option, may elect to settle by arbitration a controversy, dispute, or other assertion of liability or rights which it initiates arising out of or relating to this Policy, including the breach, interpretation, or construction thereof. . .
>
> b.  No suit or action (including arbitration hereunder) brought by the Insured against the Company with respect to the Company's liability for a claim under this Policy shall be sustained. . .unless the suit or action is commenced within three (3) years (five (5) years in Florida or Kansas) . . .

4

(Ex. A to Demand at 22-23.)  This provision (hereinafter, the "Arbitration Clause") does not require the insured to give any advance notice of its intent to arbitrate to RMIC nor does it require any consultation with RMIC prior to the time the insured seeks arbitration.

B.     Relevant Procedural History in this Action

The procedural history of this action relevant to this motion is limited. Chase, through its former counsel, commenced this action by filing a complaint on November 23, 2010 (the "Initial Complaint").  The Initial Complaint challenged RMIC's rescission of approximately 2,000 insurance certificates, including the Bear Certificate. (Ex. A to Compl.)  Soon thereafter on February 22, 2011, Chase amended the Initial Complaint pursuant to Federal Rule of Civil Procedure 15, reducing the number of certificates at issue to approximately 1,800.  (Ex. A to Am. Compl., ECF No. 19.)  The purpose of the amendment was to eliminate reference to a number of certificates that, upon more careful consideration, Chase elected not to include in this litigation for various reasons.  The Bear Certificate was among the certificates removed from the Initial Complaint.  Contrary to the suggestion that pervades RMIC's motion papers, Chase's litigation decisions relating to the amendment of the Initial Complaint were not examples of forum shopping or some other improper litigation tactic—rather, they reflect a genuine effort to limit this action to claims under policies issued to Chase, Washington Mutual and certain

5

third-party originators from whom Chase purchased loans (the "Third-Party Originators"). (Mizerak Aff. ¶ 2.)

As of February 22, 2011, very little had happened in this case. Although RMIC had filed a motion to dismiss, the motion in no way related to the Bear Certificate, Chase had not yet opposed the motion and the Court had not yet ruled on it. The Court had entered no orders, except one permitting Chase to file a motion for partial summary judgment. No discovery had taken place, except that RMIC had submitted its initial disclosures under Federal Rule of Civil Procedure 26 (Defs.' Br. at 10-11), none of which related in any way to the Bear Certificate. On February 22, 2011, Chase simultaneously filed an amended complaint (the "First Amended Complaint"), its opposition to RMIC's motion to dismiss, and a cross-motion for partial summary judgment. (ECF Nos. 19, 20 and 21.) The Court ruled on RMIC's motion on May 4, 2011 and dismissed this action without prejudice. (Order, ECF No. 37.)

Pursuant to Judge Chesler's May 4, 2011 Order granting it leave to do so, Chase subsequently filed a further amended complaint on July 19, 2011 (the "Second Amended Complaint"), which pursues a different legal theory than the previously filed complaints and is currently pending before this Court. (*See* Second Am. Compl., ECF No. 38.) The Second Amended Complaint asserts different legal theories than the ones asserted in both the Initial Complaint and the

First Amended Complaint and seeks relief with respect to a more limited number of specific instances in which RMIC refused to pay a valid and validly submitted claim. In total, the Second Amended Complaint relates to 377 specific coverage rescissions, all arising under master policies issued to Chase, Washington Mutual or the Third-Party Originators. (Mizerak Aff. ¶ 2.) Once again, the Bear Certificate was not among the 377 specific certificates included in the Second Amended Complaint. (*Id.*)

Argument

As noted, the Bear Policy gives the insured the right to arbitrate disputes arising under or relating to the policy. The dispute as to the propriety of RMIC's rescission of the Bear Certificate falls squarely within that clause. RMIC does not dispute that the Bear Policy gives Chase the right to select arbitration to resolve that claim. Despite the unambiguous contract provision, and the fact that "waiver is not to be lightly inferred," *Faragalli*, 61 F.3d at 1068, RMIC argues here that Chase waived its right to arbitrate by engaging in litigation conduct that prejudiced RMIC. RMIC is wrong.

A. <u>Litigation Conduct Occurring After February 22, 2011 Cannot Support a Finding of Waiver</u>

As a preliminary matter, to the extent that RMIC's waiver argument is based upon litigation conduct occurring after February 22, 2011, it should be rejected out

7

of hand.  Ample case law holds that a party does not waive its right to arbitrate a claim by engaging in litigation with respect to distinct claims.  *See, e.g.*, *Doctor's Assocs., Inc v. Distajo*, 107 F.3d 126, 133 (2d Cir. 1997) ("[O]nly prior litigation of the *same legal and factual issues* as those the party now wants to arbitrate results in waiver of the right to arbitrate.") (emphasis added).  The same rule applies even if the distinct claims arise under the same contract.  *See, e.g.*, *Gingiss Int'l Inc. v. Bormet*, 58 F.3d 328, 332 (7th Cir. 1995) (holding that prosecuting related claims in state court was not waiver of arbitration and noting that "the franchise agreement provided [plaintiff] with the right, but not the obligation, to litigate rather than arbitrate these claims"); *AAMCO Transmissions, Inc v. Dunlap*, No. 11-4009, 2011 WL 3586225, at *11 (E.D. Pa. Aug. 16, 2011) (no waiver where litigation at issue differs from parties' prior dispute and party filed separate action).

  Where, as here, the litigation conduct relates to claims distinct from those asserted in arbitration, there is no need to analyze whether or not the party opposing arbitration has suffered prejudice.  *Doctor's Assocs., Inc.*, 107 F.3d at 133 (noting that it is not necessary to determine whether the opposing party suffered any prejudice as a result of unrelated litigation conduct); *Microstrategy, Inc. v. Lauricia*, 268 F.3d 244, 251 (4th Cir. 2001) ("But because the prior actions were primarily directed to claims unrelated to those asserted by [defendant], the

8

expense and effort associated with those claims cannot be used in support of the argument that [plaintiff] waived its right to arbitrate the discrimination claims.").

As noted, after February 22, 2011, the sole issue submitted to arbitration—the propriety of the rescission of the Bear Certificate—was not at issue in this action. (Ex. A to Am. Compl., ECF No. 19.) Rather, this action pertained only to other, distinct breaches relating to the rescission of other distinct insurance certificates issued pursuant to distinct master policies. (*Id.*; Mizerak Aff. ¶¶ 2-4 .) Accordingly, any litigation conduct occurring after February 22, 2011 cannot be construed as a waiver of Chase's right to arbitrate its claim relating to the Bear Certificate.

RMIC, nonetheless, argues that the current litigation conduct is relevant because Chase is asserting the same claim for declaratory relief in both forums. This assertion is patently false. It is plain from an examination of the pleadings in both cases that Chase is seeking different declaratory relief in the two proceedings. RMIC points out that the Bear Policy and the master policies at issue in this case have identical terms. (Defs.' Br. at 4.) But, even so, the declarations sought in the two actions are different. In the arbitration, Chase has requested a declaration concerning the operation of section 2.4 of the Bear Policy—specifically, a declaration that RMIC is not entitled to rescind insurance coverage where neither the loan originator nor an appraiser made or participated in a material

9

representation. (Demand ¶ 37.) Although Chase has sought several declarations from this Court with respect to identically worded policies, it has not sought any declaration interpreting section 2.4 of the master policies at issue in this action. (*See* Second Am. Compl. at 25-26 (listing eight declarations sought by Chase in this action, all of which relate to the operation of state law and sections 2.2, 2.3 and 5.6 of the master policies, and not section 2.4).)

B.  Chase's Litigation Conduct Prior to February 22, 2011 Did Not Waive Its Right to Arbitrate Its Claims with Respect to the Bear Certificate

Turning to Chase's litigation conduct prior to the time it filed its First Amended Complaint on February 22, 2011, it is clear that this conduct did not waive its right to arbitrate claims with respect to the Bear Certificate because RMIC has suffered no cognizable prejudice resulting from Chase's limited litigation conduct. As set forth above, the only litigation conduct in which Chase engaged was to identify the Bear Certificate as one of the certificates at issue in this action in the Initial Complaint, but Chase promptly voluntarily amended the Initial Complaint to exclude the claim.

RMIC argues that in order to determine whether Chase has waived its right to arbitrate, the Court must examine a number of factors set forth in *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912 (3d Cir. 1992). Courts in the Third Circuit apply the *Hoxworth* factors to determine whether a party "demonstrates sufficient

prejudice arising from the delay of the party seeking arbitration in making its demand." *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). As is evident from the plain meaning of the factors, however, they were initially designed to assess waiver in situations where a party moves to compel arbitration of a dispute *that is currently the subject of a pending litigation*, which is not the situation in this case. The standard *Hoxworth* factors are, "(1) timeliness or lack thereof the motion to arbitrate; (2) extent to which party seeking arbitration has contested the merits of the opposing party's claims; (3) whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to seeking to enjoin the court proceedings; (4) the extent to which a party seeking arbitration engaged in non-merits motion practice; (5) the party's acquiescence to the court's pretrial orders; and (6) the extent to which the parties engaged in discovery." *Id.* (citing *Hoxworth*, 980 F.2d at 926-27).

Application of the *Hoxworth* factors, to the extent they apply here, shows that RMIC has not suffered any prejudice:

- The first factor is the timeliness of a party's demand for arbitration. *Gray*, 645 F.3d at 451. Here, Chase's demand for arbitration was made within the agreed-upon period for bringing an arbitration in the arbitration clause and was, therefore, timely. ((*See* Ex. A to Demand at 22) (imposing three-year time period in which to file suit or arbitration).) The fact that the demand occurred after Chase was already engaged in litigation concerning *other, distinct* claims is simply of no relevance. Litigation of those claims in no way prejudiced RMIC with respect to the claim submitted to arbitration.

11

- The second factor is the degree to which plaintiff "participated in substantive legal proceedings and has pursued or challenged legal positions and arguments advanced by the respective parties in the litigation." *Gray*, 645 F.3d at 451. Similarly, the fourth factor looks at the extent to which a party used the litigation mechanism, specifically "the extent to which a party seeking arbitration engaged in non-merits motion practice" *Id.* Here, Chase's only litigation conduct while the Bear Certificate was part of its complaint was to obtain permission to file a request to file a motion for Summary Judgment. (Order, ECF No. 18.) Contemporaneously with filing its motion for summary judgment, Chase amended its complaint to exclude the Bear Certificate, and the summary judgment motion in no way related to it. Accordingly, RMIC has not and cannot possibly claim that Chase's litigation conduct prejudiced it with respect to the claim relating to the Bear Certificate.

- The third factor is whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to seeking to enjoin litigation proceedings. *Gray*, 645 F.3d at 451. This factor only makes sense when a party seeks to compel the arbitration of the same claims currently being litigated. In those circumstances, such notice could relieve the other party of continuing to litigate the claim prior to its submission to arbitration. Here, this same concern is not implicated. The Arbitration Clause does not require Chase to give RMIC advance notice of its intent to arbitrate and the existence of ongoing litigation concerning other, distinct claims imposes no such duty. As such, this *Hoxworth* factor does not weigh in favor of either party.

- The fifth factor is also ill-suited for application on these facts. That factor looks at a party's "acquiescence to the court's pretrial orders." *Gray,* 645 F.3d at 451. It should go without saying that Chase has acquiesced with the Court's orders in this litigation because Chase fully intends to litigate the claims that are actually at issue in this case before this Court. Because this factor is aimed at cases where a party seeks to compel arbitration (and, typically, stay litigation) of the same claims it is of limited use here.

- The final factor—one that does apply in the current circumstances—is the extent the parties engaged in discovery that might prejudice the opposing party. *Gray*, 645 F.3d at 451. Here, RMIC admits the only

12

> discovery has been initial disclosures pursuant to Rule 26, which is to say, hardly any discovery at all. (Defs.' Br. at 36.) This factor clearly weighs in Chase's favor because the absence of discovery shows that it obtained no unfair advantage in the arbitration by taking advantage of the discovery mechanisms available in this action. *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 680 (3d Cir. 2000) (finding no prejudice because there were no depositions nor any other discovery taken, and the Federal Rules were not used to conduct otherwise unavailable discovery).

As the foregoing illustrates, not all of the *Hoxworth* factors are well-suited to analyzing RMIC's motion, but, when they apply, they weigh heavily against finding waiver. In deciding this motion, the Court should focus on the key question the non-exclusive list of *Hoxworth* factors are aimed at answering: did the litigation conduct of the party seeking arbitration prejudice the party opposing it. *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 598 (3d Cir. 2004) ("[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived.") (internal quotation omitted); *Zimmer*, 523 F.3d at 234 (remanding to District Court to consider whether party demonstrated prejudice).

RMIC has not been prejudiced by any litigation conduct with respect to the Bear Certificate. The mere filing of a complaint does not waive the right to arbitrate the claim and does not prejudice the opposing party. *Zimmer*, 523 F.3d at 232-33 (fact that party initially filed a complaint is insufficient alone to find prejudice); *see also Tokio Marine & Fire Ins. Co., Ltd v. M/V Saffron Trader*, 257 F. Supp. 2d 651, 655 (S.D.N.Y. 2003) (finding no waiver and noting that the

13

"extremely limited activity of filing a complaint, without more, does not suggest a waiver of the arbitration agreement"). On the contrary, in this Circuit, courts typically find waiver through litigation conduct only "when both parties had engaged in extensive discovery," *Faragalli*, 61 F.3d at 1069; *see also Wood*, 207 F.3d at 680 (holding no waiver of arbitration where litigation tactics were not extensive and party had not strategically used the Federal Rules to conduct discovery), which RMIC admits in its motion papers did not occur with respect to any claim in this litigation, much less any claim relating to the Bear Certificate at issue in the Arbitration.

Although lengthy, RMIC's motion contains no sensible explanation of the prejudice it has suffered resulting from the inclusion of the claims related to the Bear Certificate in the Initial Complaint. There is none. RMIC complains that it has been prejudiced because it has incurred substantial cost in litigating this action and permitting the arbitration to go forward would compound those costs. (Defs.' Br. at 20.) This assertion may be true, but RMIC cannot claim to be prejudiced based on the fact that it is more expensive to litigate distinct claims in two forums instead of one—this possibility arises naturally from the fact that RMIC entered into multiple master policies with different insureds and also agreed that the insureds have the right to select between arbitration or litigation with respect to individual claims. As one court aptly put it: "Prejudice does not refer to enforcing

14

a bargained-for agreement, even where such enforcement will obligate a party to litigate in more than one forum." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 230 (2d Cir. 2001); *see also Nationwide Mut. Fire Ins. Co. v. Hamilton*, 410 F. App'x 537, 540 (3d Cir. 2011), *cert. denied*, 132 S.Ct. 119 (2011) (noting that "the policy favoring arbitration takes precedence even when parties will be required to resolve related disputes in other forums because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement"). And, RMIC does not (and cannot) allege that any of its incurred costs resulted from the inclusion of the Bear Certificate in the Initial Complaint.

RMIC also complains that if the arbitration is permitted to proceed it could be subject to inconsistent declaratory judgments (Defs.' Br. at 23) but this assertion does not withstand scrutiny either. As discussed above, the declaratory relief sought in the arbitration is distinct from and does not overlap with the declaratory relief sought in this action. *See supra* 9-10.

## Conclusion

For all the foregoing reasons, Chase respectfully requests that the Court deny RMIC's motion. RMIC does not dispute that the Bear Policy gives Chase the right to arbitrate claims relating to the Bear Certificate. The fact that Chase included the Bear Certificate in its Initial Complaint for a few short months does

15

not constitute waiver of the right to arbitrate that separate and distinct claim and certainly caused no prejudice to RMIC.

Dated:      July 2, 2012

                                         /s/ Michael D. Lichtenstein
                                         Lawrence M. Rolnick
                                         Michael D. Lichtenstein
                                         LOWENSTEIN SANDLER PC
                                         65 Livingston Avenue
                                         Roseland, New Jersey  07068
                                         (973) 597-2500

    and

Robert D. Goodman
Andrew J. Ceresney*
Philip A. Fortino*
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Admitted pro hac vice.*

*Attorneys for Plaintiff JPMorgan Chase Bank, N.A.*