# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

August 9, 2012

**Via ECF**

Honorable William J. Martini
United States District Court
Martin Luther King, Jr., Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

    Re: *JPMorgan Chase Bank, N.A. v. Republic Mortgage Ins. Co. et al.,*
        No. 2:10-cv-06141 (WJM) (MF)

Dear Judge Martini:

       We write on behalf of Plaintiff JPMorgan Chase Bank, N.A. ("Chase") in response to the letter filed yesterday by counsel for Defendants Republic Mortgage Insurance Company and Republic Mortgage Insurance Company ("RMIC") of North Carolina (Dkt. No. 68). In the letter, Defendants requested that the Court rule on their motion to enjoin the arbitration between Chase and RMIC pending before the American Arbitration Association ("AAA") or, in the alternative, stay the arbitration pending further consideration of the motion. Chase does not object to proceeding with oral argument on Defendants' pending motion on an expedited basis (provided that the Court would welcome such argument). Chase does, however, oppose Defendants' request for what amounts to a preliminary injunction of the arbitration proceedings.

       Defendants cite no authority in support of their request that the Court enjoin the arbitration while a decision on its motion is pending, and it is clear that there is no basis for such a request. Defendants baldly assert that proceeding with the selection of arbitrators and the setting of a preliminary hearing date would prejudice RMIC. Dkt. No. 68 at 2. However, they offer no rationale for this bare conclusion. Although it is true that permitting the preliminary phase of the arbitration to go forward would result in some limited cost to Defendants, RMIC agreed in the master policy at issue in the arbitration (and not at issue here) that the insured could elect to litigate or arbitrate any dispute arising out of the policy, without regard to whether the insured chose to litigate other claims under the same policy (which it has not) or another policy. It is clear that a party that has agreed to litigate distinct claims in two different forums is not prejudiced simply because the costs of litigating in two forums may be greater than the cost of

Honorable William J. Martini  2  August 9, 2012

litigating in one. *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 230 (2d Cir. 2001) ("Prejudice does not refer to enforcing a bargained-for agreement, even where such enforcement will obligate a party to litigate in more than one forum."); *see also Nationwide Mut. Fire Ins. Co. v. Hamilton*, 410 F. App'x 537, 540 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 119 (2011) (noting that "the policy favoring arbitration takes precedence even when parties will be required to resolve related disputes in other forums because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement"). Moreover, granting Defendants' request would certainly prejudice Chase, which is entitled to the benefits afforded by the master policy at issue in the arbitration.

The letter also refers to certain "concerns" that Defendants have noted with regard to Chase's Revised Exhibit A. Defendants raised these issues with Chase for the first time on Tuesday, August 7, requesting an opportunity to meet and confer with Chase. Chase agreed, and the parties scheduled a meeting for next Wednesday, August 15. In light of the parties' agreement, Chase is surprised that Defendants have chosen to bring these issues before the Court in advance of the parties' meeting.

Although Chase is investigating each of the "concerns" that Defendants has raised with regard to the Revised Exhibit A, it is clear even now that many of them do not pose real issues. In accordance with the Court's order of July 10, Chase endeavored in the Revised Exhibit A to update the exhibit in order to reflect the insurance certificates as to which a dispute existed as of the date of the order that Chase intends to include in this action. As Chase represented it would do, it removed a number of certificates from Exhibit A. Among the certificates removed from Exhibit A were approximately 75 certificates RMIC had rescinded and, despite Chase's appeals, failed to reinstate prior to the filing of the Second Amended Complaint, but then reinstated after the Second Amended Complaint was filed. Chase also added certificates that were not on the original Exhibit A as to which a dispute existed. Defendants suggest in their letter that the addition of these certificates somehow increases the likelihood of inconsistent findings, a point that Chase has already addressed in the briefing on Defendants' motion to enjoin the arbitration. *See* Pl.'s Opp. Br. 7-10. In addition, Defendants' letter to Chase also raised a "concern" that the Revised Exhibit A improperly included additional certificates that RMIC has also decided to reinstate, including ten it apparently decided to reinstate *after* they were added to the Revised Exhibit A.[1] In any event, it is Chase's sincere hope that these "concerns" can be resolved when the parties confer next week and

---

[1] If it proves true that RMIC has reinstated or it does reinstate coverage as to these certificates, then Chase obviously would not seek an award of damages, except as may be necessary to compensate it with regard to the foreseeable consequential damages Chase incurred due to RMIC's failure to grant its earlier appeals, which raised the same issues raised here.

Honorable William J. Martini             3                      August 9, 2012

that the parties can then proceed to develop a plan for this litigation as the Court has directed.[2]

For all the foregoing reasons, we respectfully request that the Court deny Defendants' request to temporarily enjoin the AAA arbitration.

                      Respectfully submitted,

                      */s/ Andrew J. Ceresney*

                      Andrew J. Ceresney
                      Counsel for Plaintiff JPMorgan Chase Bank, N.A.

---

[2] In addition, Defendants have also noted that several certificates were listed more than once on the Revised Exhibit A. Although such transcription errors are unfortunate, they hardly raise any cause for "concern."