

COLE SCHOTZ
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law                    A Professional Corporation

900 Third Avenue, 16th Floor
New York, NY 10022-4728
212-752-8000  212-752-8393 Fax
—
New Jersey
—
Delaware
—
Maryland
—
Texas

**Arianna Frankl**
Member

Reply to New York Office
Writer's Direct Line: 646-563-8943
Writer's Direct Fax: 646-563-7943
Writer's E-Mail: afrankl@coleschotz.com

September 7, 2012

**Via CM/ECF Filing**

William J. Martini, U.S.D.J.
U.S. District Court for
 the District of New Jersey
M.L. King Jr. Federal Bldg. & Chtse.
50 Walnut Street - Room #4076
Newark, New Jersey 07601

> *Re:*     *JPMorgan Chase Bank, N.A. v. Republic Mortgage Ins. Co., et al.*
>              *Civil Action No. 2:10-CV-06141 (WJM) (MF)*

Dear Judge Martini:

As counsel for Defendants Republic Mortgage Insurance Company and Republic Mortgage Insurance Company of North Carolina ("RMIC"), we write in response to the September 6, 2012 letter of counsel for Plaintiff JPMorgan Chase Bank, N.A. ("Chase").

RMIC and Chase agree that Chase's Revised Exhibit A to the Second Amended Complaint is inaccurate and must be further revised.  Chase asserts that it need not seek leave to file a Second Revised Exhibit A or a Third Amended Complaint until after the Court rules on RMIC's pending Motion to Dismiss and for a More Definite Statement.  RMIC contends that this Court is entitled to know, in considering RMIC's motion, that Chase's complaint and exhibit are flawed by its own admission.  In response to RMIC's contention, Chase advised this Court yesterday that it "does not intend to pursue claims relating to [two] policies in this litigation" and that therefore "two paragraphs in the Second Amended Complaint refer to individual policies that no longer are specifically at issue."  Chase Letter, ECF No. 70, at 2.

RMIC clarifies that:

- The two Certificates to which Chase refers are Certificate Nos. 618053505 (*see* Second Am. Compl., ECF No. 38, ¶ 56) and 726955654 (*see id*. ¶ 60), *i.e.*, two of the Eight Representative Transactions in Chase's Second Amended Complaint; and

- Chase discusses the two withdrawn Representative Transactions at length on pages 22-23 of its Memorandum in Opposition to

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

William J. Martini, U.S.D.J.
September 7, 2012
Page 2

> Defendants' Motion to Dismiss and for a More Definite
> Statement, ECF No. 57, and associated paragraphs are cited by
> Chase at page 9.

RMIC disagrees that Chase's still incomplete investigation of the certificates properly included in its lawsuit, and Chase's need for a Second Revised Exhibit A and Third Amended Complaint, will not "have any effect on the arguments previously asserted in connection with RMIC's motion to dismiss" and can await the Court's ruling on RMIC's pending motion to dismiss. Chase Letter, ECF No. 70, at 1. Instead, RMIC believes that this development provides further support for dismissal of Chase's Second Amended Complaint. RMIC's central argument in support of its Motion to Dismiss is that Chase's allegations as to the Eight Representative Transactions cannot adequately plead claims under what remains, months later, an unknown number of certificates in Chase's Exhibit A. Moreover, Chase has now withdrawn two of the Eight Representative Transactions, and the allegations regarding certificates no longer at issue cannot "represent" the hundreds of certificates about which Chase has made no factual allegations.

RMIC also clarifies Chase's statement that "[t]he individual policies on which Chase will not be pursuing claims include . . . policies under which Chase has been made whole." Chase Letter, ECF No. 70, at 1. RMIC is not the party that "made [Chase] whole," and RMIC believes that Chase's withdrawal of the certificates likely reflects the repurchase of the associated loans by an originating party with a contractual duty to buy back loans involving the very type of misrepresentations underlying RMIC's rescissions. Chase has declined to confirm or deny whether its withdrawals of certificates reflect repurchases arising from misrepresentations.

Given that Chase declines to seek leave to file a Third Amended Complaint and an accurate Exhibit A during the pendency of the motion, this Court should now grant RMIC's Motion to Dismiss Second Amended Complaint and for a More Definite Statement.

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

*s/Arianna Frankl*

Arianna Frankl

cc:    Robert D. Goodman, Debevoise & Plimpton LLP
       Andrew J. Ceresney, Debevoise & Plimpton LLP
       Philip A. Fortino, Debevoise & Plimpton LLP
       Lawrence M. Rolnick, Lowenstein Sandler PC
       Michael David Lichtenstein, Lowenstein Sandler PC

Cole, Schotz, Meisel, Forman & Leonard, P.A.
                    Attorneys at Law

William J. Martini, U.S.D.J.
September 7, 2012
Page 3

      Michael S. Meisel, Cole, Schotz, Meisel, Forman & Leonard, P.A.
      Michael R. Hassan, Butler Rubin Saltarelli & Boyd LLP
      Albert Fowerbaugh, Butler Rubin Saltarelli & Boyd LLP
      Catherine E. Isely, Butler Rubin Saltarelli & Boyd LLP
      Julie Rodriguez Aldort, Butler Rubin Saltarelli & Boyd LLP