# Debevoise & Plimpton LLP

919 Third Avenue
New York, NY 10022
Tel   212 909 6000
Fax  212 909 6836
www.debevoise.com

September 11, 2012

**Via ECF**

Honorable William J. Martini
United States District Court
Martin Luther King, Jr., Federal Building and Courthouse
50 Walnut Street
Newark, NJ 07102

> Re:  ***JPMorgan Chase Bank, N.A. v. Republic Mortgage Ins. Co. et al.*,**
>       **No. 2:10-cv-06141 (WJM) (MF)**

Dear Judge Martini:

      We represent Plaintiff JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter.  We are writing to clarify and correct certain statements in Defendants' letter to the Court dated September 7, 2012.

      First, Defendants have suggested that Chase's recent decisions to exclude certain individual policies from this litigation reflects a lack of diligence on the part of Chase. (Dkt. No. 71 at 2) (referring to "Chase's still incomplete investigation").  That statement is incorrect.  A substantial portion of the modifications resulted from changes in the factual circumstances concerning those policies, including (a) *RMIC's* decision to reinstate coverage for a number of the individual policies, and (b) non-insurance recoveries by Chase.  In all of these cases, Chase's assessment of Defendants' conduct has not changed, but there is no dispute to pursue.

      Second, Defendants contend that the removal of two of the exemplar certificates in the Complaint (Nos. 618053505 and 726955654) renders the Complaint deficient, but that too is incorrect.  Even omitting those two examples, the Complaint alleges sufficient facts to give Defendants ample notice of the claims being asserted.  The Complaint still includes examples of each problematic practice alleged in the Complaint.  Paragraphs 52 to 55 and 57 to 58 provide additional examples and substantial further factual allegations concerning the same conduct alleged with respect to Certificate No. 618053505; namely, RMIC's improper rescission of insurance on the basis of uncorroborated and unreliable "evidence" of misrepresentations.  Similarly, paragraphs 59 and 61 through 66 allege that for other individual policies (including Certificate Nos. 0704631012 and 0715053047), as

Honorable William J. Martini  2  September 11, 2012

with the now-removed Certificate No. 726955654, the alleged misrepresentations that RMIC cited as the basis for rescission were not material to the insurance underwriting decision.[1]

Finally, with respect to those policies for which Chase will no longer be pursuing claims because it subsequently has been made whole, Defendants have stated that the loans may have been repurchased by the originator due to a misrepresentation. In fact, there could be and are a variety of reasons why Chase has been made whole for its losses, and RMIC has no basis for speculating that the fact that Chase was made whole by another party implies its rescission decision was appropriate.[2] In any event, RMIC's rescissions with respect to those individual policies are not at issue in this litigation and not relevant to the propriety of the rescissions that *are* at issue.

As noted in our last letter, the parties have scheduled a conference on September 25th to discuss a discovery plan for dealing with the hundreds of rescissions that actually are at issue in this dispute. Chase has attempted in good faith to answer all of Defendants' numerous questions about the Revised Exhibit A and believes that the parties have made good progress in narrowing the dispute. Chase remains hopeful that the parties can now move forward with developing a discovery plan to present to Your Honor for approval.

Respectfully submitted:

*/s/ Robert D. Goodman*

Robert D. Goodman

Counsel for Plaintiff JPMorgan Chase Bank, N.A.

cc: All Counsel of Record

---

[1] If the Court would like Chase to amend the Complaint to remove the paragraphs discussing these two exemplars, Chase stands ready to include two or more replacement examples.

[2] As one example, an originator may repurchase loans from Chase based on a breach of representations and warranties concerning the quality of the loan or any number of other factors that are unrelated to the misrepresentations alleged by RMIC.