UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JPMORGAN CHASE BANK, N.A.,**<br><br>Plaintiff,<br><br>v.<br><br>**REPUBLIC MORTGAGE INSURANCE COMPANY and REPUBLIC MORTGAGE INSURANCE COMPANY OF NORTH CAROLINA,**<br><br>Defendants. | Civil No. 10-6141<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this insurance dispute, Plaintiff JPMorgan Chase Bank, N.A. ("Chase") alleges that Defendants Republic Mortgage Insurance Company and Republic Mortgage Insurance Company of North Carolina (collectively, "RMIC") improperly rescinded more than 175 insurance policies. Chase's Second Amended Complaint ("the Complaint") discusses some policies and gestures at others, which it lists in its Revised Exhibit A. Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They also move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). There was no oral argument. Fed. R. Civ. P. 78(b). As explained below, the Court will decide both motions as they pertain to the policies identified in the Complaint. With respect to these policies, it will **GRANT** the motion to dismiss **IN PART** and **DENY** it **IN PART**, and it will **DENY** the motion for a more definite statement. With respect to the policies listed in Chase's Revised Exhibit A, the Court will **RESERVE** judgment on both motions.

As the Court has already addressed the history of this litigation, *see* ECF No. 76, it will only highlight issues pertinent to the instant motion. Chase is a national banking association that makes mortgage loans. From 2001 to 2005, RMIC insured Chase's mortgage loans. When RMIC agreed to insure a loan, it provided Chase with a Certificate evidencing coverage. Chase alleges that RMIC

improperly rescinded a terrific number of Certificates. The Certificates can be divided into two groups. The first group is composed of eight Certificates that are all discussed in the body of the Complaint. The second group ("the Additional Certificates") is composed of more than 175 Certificates, which are generally referenced in the Complaint but identified only in Chase's Revised Exhibit A. ECF No. 67-1.

First, the Court will address the eight Certificates referenced in the body of the Complaint. After it filed the instant motion, Chase withdrew all claims with respect to Certificates 0618053505 and 0726955654. ECF Nos. 70, 71. With respect to the remaining six Certificates ("the Remaining Certificates"[1]), Chase alleges breach of contract, bad faith and breach of fiduciary duty, negligence, and improper denial of claim (under Colorado and Louisiana law). Chase also seeks a declaratory judgment interpreting contract provisions implicated in the rescissions. As an initial matter, Chase does not and cannot dispute that it has failed to state negligence claims with respect to Certificates 0704631012 (governed by the laws of Arizona) and 0802331526 (governed by the laws of California). Hassan Decl. ¶¶ 7, 8, ECF No. 52-1; *Everett Assocs., Inc. v. Trans. Ins. Co.*, 159 F. Supp. 2d 1196, 1204 (N.D. Cal. 2001); *Miel v. State Farm Mut. Auto. Ins. Co.*, 912 P.2d 1333, 1340 (Ariz. App. Div. 1995). Since none of the Remaining Certificates are governed by Colorado or Louisiana law, Hassan Decl. ¶¶ 7-14, Chase's improper denial claims under Colorado and Louisiana law do not survive the motion to dismiss, either.

The Court does not agree that Chase's allegations about the Remaining Certificates are "so vague and ambiguous that no responsive pleading can be framed." Defs.' Br. 16, ECF No. 52. For the reasons stated in Chase's opposition brief, the Complaint provides RMIC with sufficient notice of Chase's claims. *See* Pl.'s Br. 21-23, ECF No. 57. Contrary to RMIC's position, a separate count for each of the Remaining Certificates would not "promote clarity." Fed. R. Civ. P. 10(b). Because Chase's pleading is sufficiently detailed, a more definite statement under Federal Rule of Civil Procedure 12(e) is unnecessary. Finally, while the Court is skeptical about the propriety of declaratory relief given that the rescissions appear to be fact-specific, it will nevertheless deny the motion to dismiss the declaratory count at this time. The Court will revisit declaratory relief, if necessary, after the parties have conducted expedited discovery.

With respect to the Additional Securities, the Court has proposed, and the parties have agreed, that the Court will reserve judgment on the motion to dismiss and the motion for a more definite statement. This reservation will not prejudice

---

[1] The Remaining Certificates bear numbers 0631755015, 0606753004, 0632155014, 0704631012, 0715053047 and 0802331526.

claims related to the Additional Securities. It will, however, allow the parties and the Court to focus their energies on a manageable subset of the 175-plus contested Certificates. This subset will include the six Remaining Certificates and no more than six Certificates of RMIC's choosing. The parties will conduct expedited discovery on this limited subset. After that, the Court will entertain any motions and, if necessary, schedule a series of trials. Subsequently, the Court will meet with the parties to discuss how it can effectively and expeditiously resolve the remaining claims.

      With respect to the Remaining Certificates, RMIC's motion to dismiss is **GRANTED** in part and **DENIED** in part. The Court will dismiss with prejudice (1) the negligence claims regarding Certificates 0704631012 and 0802331526; and (2) all of the improper denial claims. RMIC's motion for a more definite statement is **DENIED**. With respect to the Additional Certificates, the parties have agreed that the Court will **RESERVE** judgment on both motions. An appropriate order follows.

        /s/ William J. Martini
        **WILLIAM J. MARTINI, U.S.D.J.**

**Dated: November 30, 2012**